**E-FILED**
Thursday, 08 September, 2005  01:32:32 PM
Clerk, U.S. District Court, ILCD

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District _Central District of Illinois_ |
|---|---|

| Name _JAMES DELSO_ | Prisoner No. _B-35765_ | Case No. _94-CF-982_ |
|---|---|---|

| Place of Confinement _Illinois River Correctional Center_ | 05-2197 |
|---|---|

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| _SAME DELSO_ | v. _Warden Bierboly_ |

**FILED**

**SEP 08 2005**

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

The Attorney General of the State of: _Lisa Madigan_

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _Macon County_
_Circuit Court, Decatur, Illinois 62523_

2. Date of judgment of conviction _Nov. 14, 1994_

3. Length of sentence _33 yrs._

4. Nature of offense involved (all counts) ~~First~~ _First Degree Murder (4 Counts)_

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   _Guilty plea to one count of First Degree Murder and three counts of_
   _Murder dismissed upon Agreement_

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result_____

   (c) Date of result and citation, if known _____

   (d) Grounds raised _____

   _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court _____

     (2) Result _____

     _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

     _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court _____

     (2) Result _____

     _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

     _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _Macon County Circuit Court_

      (2) Nature of proceeding _Post-Conviction filed Nov. 7, 1997._

      (3) Grounds raised _Trial judge failed to determine a factual basis. Attorney failed to file a certificate 604(d). Trial judge failed to address defendant that he has the right to plead not guilty or to persist in that plea. (d)Trial judge_

AO 241 (Rev. 5/85)

failed to explain the nature of the charge. (e)State's attorney misrepresented the facts of the case. (f)Attorney failed to

correct the facts of the case. (g)Trial judge failed to address that if the court intends to question the defendant under oath, on the record etc. about the offense to which he plead. Attorney failed to file a motion to withdraw guilty plea.
SEE ATTACHED FOR CONTINUES

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ■

(5) Result __dismissed as frivolous and patently without merit__

(6) Date of result __October 5, 1999__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __Macon County Circuit Court__

(2) Nature of proceeding __Post-Conviction filed Aug. 1, 2000.__

(3) Grounds raised (a)Attorney failed to investigate or interview serveral witnesses who would have testified that the state's witness committed the crime. (b)Attorney failed to properly impeach state's witnesses regarding prior inconsistent statements. (b)State's attorney failed to disclose exculpatory evidence. (c)Trial court failed to comply with guilty plea admonishments. (d)Trial judge considered another crime that the defendant was not yet convicted of as evidence at case no.94-cf-421 sentencing hearing when the comments of the judge was prejudicial (f)Trial judge denied defendant a fair hearing on motions.
SEE ATTACHED CONTINUE

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ■
(5) Result __denied__

(6) Date of result __April 18, 2001__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ■
(2) Second petition, etc.   Yes ■ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

__Because the Appellate Defendeas office was going to filed a Finally Motion. Also the first petition never presented supporting facts with the claims raised.__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

11.(a)(3) Grounds raised: (i)Trial judge failed to determine whether plea was made of any promises.

(j)Attorney Brinkoette failed to investigate or interview serveral witnesses.

(k)State's attorney failed to disclose certain exculpatory evidence to the defense.

(l)Trial judge failed to address the fact that the court is required to consider any appliacable sentencing guidelines etc.

CONTINUE FROM PAGE 4

11. (b)(3) Grounds raised: (g)Trial judge submitted into evidence witnesses who received immunity for testimony and who admitted to being under the influence of drugs.

(h)Attorney of record coerce petitioner into pleading guilty, where the evidence would have shown that he did not commit the crime.

(i)Attorney of record failed to comply with Supreme Court Rules.

(j)Attorney Brinkoette refused to withdraw guilty plea and argue meritious issues that could have proven petitioner innocence.

(k)Attorney Brinkoette failed to investigat or interview Latasha Talley about people who went by the name Whammy or Waynie.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Denial of effective assistance of counsel when attorney failed to comply with Supreme Court Rule 604(d)

Supporting FACTS (state *briefly* without citing cases or law) That on Nov.14,1994, I advised attorney Brinkoette to file a motion to withdraw guilty plea. Attorney Brinkoette told me that he will file one. That on or after Nov. 14,1994 Brinkoette did not consult with me to

acertain my contention of error in the entry of the plea.

B. Ground two: Denial of effective assistance of counsel for failed to investigate and/or interview a witness name Latasha Talley about people who went by the name Whammy or Waynie

Supporting FACTS (state *briefly* without citing cases or law): On 4-26-94 Latasha was interviewed by officer Beck and was asked if she had any idea who might go by the nickname of Whammy or Waynie and she advised Beck

that she knew two subjects and described them as Wayne Tennison and wayne Wilder. Attorney Brinkoette should have interviewed Latasha about possible people who went by these nicknames because according to the police the victim supposed to have advised police that Whammy or Waynie was the one who shot him.

See Exhibit S,T.

(5)

AO 241 (Rev. 5/85)

C. Ground three: Denial of effective assistance of counsel when trial attorney coerce defendant into pleading guilty where the evidence would have shown that he did not commit the crime.

Supporting FACTS (state *briefly* without citing cases or law): That during the month of Nov. 1994, I met with attorney Brinkoette who advised me to plead guilty because the evidence was pointing at me. I told Brinkoette that I did not commit this crime and that the evidence was not pointing at me because there is four to five witnesses in the police investigation report who identified Orlando Allen as the one who killed James Talley. See Exhibit A,C,D,E,F,G. At this point Brinkoette told me that I don't have a chance in beating this case. Brinkoette advised me that I will not receive a fair trial in this court room and if I do decide to take the case to trial the state's attorney is seeking to give me a 100yrs.

D. Ground four Denial of due process and equal protection of the laws when the trial court submitted into evidence witnesses who received immunity and who admitted to being under drugs.

Supporting FACTS (state *briefly* without citing cases or law): On Aug. 31,1994 Marcus Adams was charged with first degree murder for killing James Talley. See Exhibit Q. On 6-3-94 he received immunity for his testimony against me. See Exhibit R. The same deal I was offer but I turned down. Marcus Adams statement can or could not be taken as true, due to him being actually charged with the offense and because of his excessive rap sheet. See Exhibit Q. On 4-24-94, Etta Wiggins, Orlando Allen, Billy Hammer, and Alvin Lewis all admitted to being under the influence of cocaine when this murder took place. Alvin also had pending charges against and received promises from police officers to testifiy against me. See Exhibit U. These witnesses statements cannot be taken as true, due to serveral diferent statements made by them.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing Attorney James Finney, 253 East Wood St. Decatur, Illinois 62523

(b) At arraignment and plea Attorney James Baldoette, 253 East Wood St. Decatur, Illinois 62523

E. Ground five: Denial of due process and equal protection of the laws, when the judge considered another crime that petitioner was not convicted of as evidence at the Att. murder sentencing hearing when the comment's of the judge's was prejudicial.


Supporting facts: On May 8, 1994, I was charged with Attempt first degree murder and on June1, 1994, I was re-arrested and charged with First degree murder also. On Aug. 17, 1994, I entered a plea of guilty to the charge of Att. murder (94-cf-421) and went before a bench on Aug. 31, 1994 for sentencing. During the sentencing hearing on Aug. 31, 1994 the trial court introduced evidence of the first degree murder case (94-cf-482). The judge heard this evidence and stated to me "that the evidence he heard today, this court believe that James Delso was involved in the shooting of James Talley". See Exhibit O. The judge basically told me that I was guilty of first degree murder before I could be tried for this case. I could not receive a fair trial in this court room after the judge prejudicial me in court. See Exhibit   .


F. Ground six: Denial of effective assistance of counsel for failure to investigate and/or interview serveral witnesses who would have testified that the state's witness committed the crime.


Supporting facts: In the police investigation report there are serveral witnesses listed in there who stated that "cat daddy" (Orlando Allen) killed the victim, but my attorney never went to speak and/or call these witnesses in court to testify in my behalf. Serveral witnesses by the names Charles Talley, Lether Talley, and Lether friend who remain anonymous all stated that cat daddy committed the crime. See exhibit A,D,E. Also listed in the police report was a witness by the name Marion Reed who stated that he had been asking around about who was responsible for killing the victim and "cat daddy" began shooting at Marion Reed. See exhibit C. Theres also another witness by the name Torre Wilson who stated on the following day of 5-29-94, that he spoke with cat daddy about the shooting and cat daddy told Wilson that he should not fuck with it. See exhibit G. Torre also stated that the victim was talking with the unknown b/m and cat daddy (Orlando Allen) was standing approximately 5ft. away from them. See exhibit F. On 4-28-94, Dan Blunt a witness in the police report described the b/m as being 5'8" in height. See exhibit B. All these witnesses was listed in the police report and my attorney (Brinkoette) was fully aware of these witnesses, but never did he interview these witnesses. All these witnesses would have supported my defense if they were called in to testify. I would have never plead guilty, because then I would have had a defense worth going to trial with.

(6a)

Supporting facts: On Aug.17,1994, during the sentencing hearing in case No.94-cf-421, the state's attorney presented serveral witnesses who was to testify in case No.94-cf-482. Attorney Finney was the attorney in both cases No.94-cf-421 and 94-cf-482, before he was withdrawn, due to him representing a witness against me. However, attorney Finney failed to properly impeach state's witnesses Wiggins and Orlando Allen. On 5-8-94, Wiggins stated that there had been no one at the house and that she and Allen were up stairs in bed. See exhibit J. Wiggins also stated that she knew James Talley (victim) and that Talley had not been by the house on 4-24-94 and that Allen was home all night but might have left while she was sleep. See exhibit J. Wiggins also stated that she knew no one by the name Whammi. See exhibit J. However, on 7-17-94 during the sentencing hearing in case No.94-cf-421, Wiggins was on direct examination and the following was made: See exhibit K. Attorney Finney should have advised Wiggins of her previous statements. On 4-24-94 Orlando Allen stated that he was upstairs in bed and he heard three shots and looked out-side. See exhibit L. Allen stated that he knew the victim on the ground by "T". See exhibit L. That on 5-8-94 Allen stated that he does go by the name Cat Daddy and that on the day Talley was murdered Talley had been at his house. See exhibit H. Allen stated that Talley stayed for 10-15min., but on 6-2-94 Allen advised police that two males did not escort Talley out of his apartment, because no one was there but him and Wiggins. See exhibit M. Allen also stated that on 4-24-94 Lewis, Talley, Billy arrived at his apt. when someone by the name L.A. (Marcus Adams) knocked at the door. Allen stated that L.A. Deiso, and Talley went outside and 2-3min. later he heard gunshots. See exhibit N. On 5-8-94 Allen stated that he knew no one by the name Whammi. See exhibit I. If attorney Finney would have properly impeached state's witnesses I would not have plead guilty.

H. Ground eight: Denial of effective assistance of counsel where attorney of record refused to withdraw guilty plea and argue meritious issues that could have proven petitioner innocence.

Supporting facts: In the police report there are serveral witnesses by the names Charles, Lether, Marion, Lether friend, and Torre, who all stated that Orlando Allen was the one who shot James Talley, or saw Orlando standing five feet away when Talley was shot. There also was witnesses by the name Marion and Torre who both had bad encounters with Orlando for just asking around about who killing Talley. Latasha who was listed in the police report stated that there was two other people who went by the name Whammy or Wham Wham. See exhibit A,C,D,E,F,6 . All these -

(6b)

, 2:05-cv-00499-WKW-TFM Document 1-9 Filed 08/04/2005 Page 1 of 1

CONTINUE Ground eight: witnesses was never revealed to the courts
because of my attorney ineffectiveness.

I. Ground nine: Denial of due process when the state's attorney
failed to disclose exculpatory evidence to the court before
accepting guilty plea.

Supporting facts: During the Nov.14,1994 guilty plea hearing the
state's attorney never advised the court that Wiggins stated that
no one was at the house but her and Orlando Allen, or that she
stated that she knows no one by the name Whammi. However, the
state's attorney didn't even advise the court that Orlando stated
the same as Wiggins. Nor, did the state's attorney advise the
court that Torre Wilson stated that James Talley was talking with
an unknown b/m and Cat Daddy was standing 5ft. away from them.
None of this evidence was never disclose to the court to give the
court the chance to determine if the guilty was a right thing to
do. Without the state's attorney disclosing this evidence to the
court he (state's attorney) denied me due process to a fair
guilty plea hearing, because all of the evidence was not present-
ed. See exhibit A, C, D, E, F, G, H, I, J, L, M, N

J. Ground ten: Denial of due process when the trial court failed
to comply fully with Supreme ourt Rule 402 guilty plea admonish-
ments.

Supporting facts: On Nov.14,1994 my attorney of record and I
entered into a plea of guilty to one count of First Degree
murder. The judge never advised me that I have the right to plead
not guilty, or to persist in that plea if it has already been
made; nor, did the judge determine whether the plea was made of
any promises or the fact that the court is required to consider
any appliacable sentencing guidelines but may depart from those
guidelines under some circumstances and when applicable, that the
court may also order the defendant to make restitution to any
victim of the offense, or did the court explain to the defendant
the elements or meaning of "intent" for which he was pleading
guilty to. See exhibit guilty plea transcript. If this meritious
issue was argued there is a strong probability that petitioner
would not have plead guilty.

K. Ground eleven: Denial of due process and equal protection of the laws when the trial judge denied defendant a fair hearing on Motion for change of venue.

Supporting facts: On 10-5-94, my new attorney Brinkoette presented a Motion for Change of Venue regarding to the trial judge comments during the Attempt Murder sentencing hearing in case no.94-cf-421, judge's quote "that James Delso was involved in the shooting of James Talley". Judge Patton was the Honorable presiding Judge in case no.94-cf-421 and case no.94-cf-482, and also the presiding judge who heard the motion for change of venue on 10-5-94. See exhibit P. The reason this motion was not presented earlier is because my first attorney Finney who was formerly representing me in case no. 94-cf-421 and 94-cf-482, was representing a witness against me in case no.94-cf-482, so Finney was removed from case no.94-cf-482 on Aug.31,1994, and attorney Brinkoette was appointed to case no.94-cf-482 around September or October. Petitioner contends that if Judge Patton would not have told me that I was guilty for this case before I went to trial petitioner contends that there is a reasonable probability that he would not have plead guilty and/or the proceedings would have been different.

AO 241 (Rev. 5/85)

(c) At trial _____

(d) At sentencing _Attorney Brinkoetter_

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _Appellate Defender Lawrence Bapst, Supreme Court Unit, 400 W. Monroe St., Springfield, Ill. 62705_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_8-25-05_
(date)

_____
Signature of Petitioner