IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES DELSO, ) ) ) | |
| Petitioner, ) ) | No. 05 C 2197 |
| vs. ) ) | The Honorable |
| DONALD HULICK, Warden, ) ) | Michael P. McCuskey, Judge Presiding. |
| Respondent. ) | |

## MOTION TO DISMISS

Now comes respondent, by his attorney, LISA MADIGAN, Attorney General of Illinois, and respectfully moves this Honorable Court to grant his motion to dismiss petitioner's Petition for Writ of Habeas Corpus as time-barred under 28 U.S.C. §2244(d). A memorandum of law in support of respondent's motion to dismiss is attached hereto.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

BY    s/Russell K. Benton_____
RUSSELL K. BENTON
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2113
FAX (312) 814-5166
E-Mail: Rbenton@atg.state.il.us
Att.Reg.No: 6203142

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> JAMES DELSO, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DONALD HULICK, Warden, ) <br> ) <br> Respondent. ) | No. 05 C 2197 <br><br> The Honorable <br> Michael P. McCuskey, <br> Judge Presiding. |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AS TIME-BARRED PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Now comes respondent, by his attorney, LISA MADIGAN, Attorney General of Illinois, and pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, asks that the above-captioned petition for writ of habeas corpus be dismissed as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. In support thereof, he states:

1.  Petitioner, James Delso, identified as prisoner number B-35965, is in the custody of Donald Hulick, Warden of Illinois River Correctional Center.

2.  On November 14, 1994, in the Circuit Court of Macon County, petitioner pled guilty to four counts of first degree murder (94CR482) and received a sentence of thirty-three (33) years.[1] *See* Pet. at 1. Petitioner did not appeal from his plea.

---

[1] Petitioner had previously pled guilty to attempted first degree murder in Macon County (94CR421) and received a sentence of twenty (20) years on August 7, 1994. That conviction is not at issue here. *See* Pet. at 1.

3. Petitioner took no action regarding his conviction until November 7, 1997, when he filed a post-conviction petition in the Circuit Court of Macon County. *See* Pet. at 2. However, the petition was not received by the circuit court until November 20, 1997, and the circuit court ruled it untimely. *See* Exh. E (petitioner's brief in People v. Delso, 4-01-0957). Petitioner appealed the circuit court's decision, and on September 2, 1999, the Illinois Appellate Court reversed. (*See* Exh. D (Rule 23 of the Illinois Appellate Court, Fourth District, reversing dismissal of petitioner's post-conviction petition (No. 4-97-1163)). Petitioner subsequently sought to amend his petition, but on October 5, 1999, the circuit court dismissed both the original and amended petitions. *See* Exh. F (plaintiff's brief in People v. Delso, 4-01-0957). Petitioner appealed, but on March 13, 2001, at his request, the appellate court dismissed his appeal. Id. at 2-3

4. Meanwhile, on July 25, 2000, while his first post-conviction was still pending, petitioner asked for leave to file a second post-conviction petition. *See* Exh. A (Petition for post-conviction petition second petition [sic] with accompanying motion for leave to file and proceed in forma pauperis, People v. Delso, No. 94CF482). The circuit court denied petitioner permission to file the second petition. Id. *See* Exh. B (Order denying leave to file second post-conviction petition, People v. Delso, Macon County No. 94CR482); *see also* Exh. C (docket sheet from People v. Delso, Macon County No. 94CR482).

Petitioner appealed the circuit court's decision, but on February 16, 2005, the appellate court affirmed the circuit court's holding. *See* Exh. F (Rule 23 Order of Illinois Appellate Court, People v. Delso, 4-01-0957, filed February 16, 2005). On March 23, 2005, petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, (*see* Exh. H, PLA in People v. Delso, No. 100297), but on May 25, 2005, the Illinois Supreme Court denied the PLA. *See* Exh. I (Order denying PLA in People v. Delso, No. 100297 dated May 25, 2005).

    5.    On August 25, 2005, petitioner filed the instant petition for habeas corpus relief under 28 U.S.C. §2254. He raises 11 issues (and sub-issues) for this Court's review, including: (1) ineffective assistance of counsel when counsel (a) failed to comply with Illinois Supreme Court Rule 604(d) in not conferring with petitioner; (b) failed to interview Latasha Talley about a witness who went by the name "Whammy" or "Waynie;" (c) coerced petitioner into pleading guilty; (d) failed to investigate/interview other witnesses who would have testified that a state witness committed the crime; (e) failed to impeach state witnesses regarding prior inconsistent statements; (f) refused to withdraw petitioner's guilty plea and argue that petitioner was actually innocent; (2) denial of due process when the court impermissibly allowed testimony of certain witnesses who were on drugs at the time of the crime; (3) denial of due process when the court impermissibly admitted evidence of a crime petitioner was not charged with; (4) denial of due process when the State's Attorney failed to disclose exculpatory evidence; (5) denial of due process when the trial court failed to admonish petitioner pursuant to Illinois Supreme Court Rule 402; and (6) denial of due

process when petitioner's motion for change of venue was denied. See Pet.

6.   Petitioner has exhausted his state remedies as required by 28 U.S.C. §2254(b), in that he has no further state court avenues of review. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the following state court materials, deemed relevant by respondent, have been filed as exhibits under separate cover:

Exhibit A:   Petition for post-conviction petition second petition (sic.) with accompanying motion for leave to file and proceed in forma pauperis, People v. Delso, No. 94CF482;

Exhibit B:   Order denying leave to file second post-conviction petition, People v. Delso, Macon County No. 94CR482;

Exhibit C:   Docket Sheet from People v. Delso, Macon County, No. 94CR482;

Exhibit D:   Rule 23 of the Illinois Appellate Court, Fourth District, reversing dismissal of petitioner's post-conviction petition (No. 4-97-1163), decided on September 2, 1999;

Exhibit E:   Brief of Petitioner-Appellant, People v. Delso, No. 4-01-0957;

Exhibit F:   Brief of Plaintiff -Appellee, People v. Delso, No. 4-01-0957;

Exhibit G:   Rule 23 of the Illinois Appellate Court, Fourth District, affirming dismissal of petitioner's second post-conviction petition (No. 4-01-0957), decided on February 16, 2005;

Exhibit H:   PLA, filed March 23, 2005 (No. 100297); and

Exhibit I:   Order of the Illinois Supreme Court, denying petitioner's PLA, decided on May 25, 2005 (No. 100297).

The entire state court record is not filed with this motion, as the petition can be dismissed based upon the filed pleadings. *See* Simental v. Mastrisciano, 363 F.3d 607, 612 (7th Cir. 2004) (decision whether transcripts are necessary left to discretion of district court; review of state court records quite rare); *see also* United States ex rel. Green v. Greer, 167 F.2d 585, 586-590 (7th Cir. 1981) (examination of record not required if petitioner fails to identify any incompleteness or inconsistencies in the facts before the district court).

7. The AEDPA became effective on April 24, 1996 and imposed, under 28 U.S.C. §2244 (d), a one-year statute of limitations for filing Section 2254 petitions for writ of habeas corpus. Section 2244 (d) provides that:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under 2244(d), for the following reasons, petitioner's habeas petition is clearly time-barred.

8. Petitioner failed to take a direct appeal from his underlying conviction. *See* Pet. at 2. Petitioner had thirty days from the date of his plea, or until December 14, 1994, to file a motion to withdraw his plea, a prerequisite for a timely and proper appeal. *See* Illinois Supreme Court Rule 604(d). He failed to do so. Thus, his direct appeal concluded thirty days after he was convicted, or on December 14, 1994, as he failed to meet Illinois's procedural requirements to appeal his sentence. However, under Lindh v. Murphy, 96 F.3d 856, 865-866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997), petitioner is entitled to a one-year grace period since his conviction became final prior to April 24, 1996, the date of the AEDPA's enactment of a one-year statute of limitations within which to seek federal habeas relief. Accordingly, petitioner had until April 24, 1997 to file his federal habeas corpus petition. Instead of doing so, petitioner waited until November 7, 1997, 197 days after the deadline passed and then filed his first state post-conviction petition. *See* Pet. at 2. Because he had no action pending in the Illinois courts between April 24, 1996 and April 24, 1997, the limitations period expired before petitioner filed his state collateral action, and accordingly, petitioner's habeas petition is time-barred under §2244(d).

9. Putting aside the 562 days (197 days beyond the one-year limitation period) that lapsed before petitioner filed his first state post-conviction petition on November 7, 1997, the instant petition is still untimely. §2244(d)(2) states that time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. While the limitations period had already expired when petitioner filed his first post-conviction petition, the post-conviction petition did constitute a "properly filed" state collateral action, which would have served to toll any existing limitations period from its filing on November 7, 1997 until March 13, 2001, when the appellate court granted petitioner's motion to voluntarily dismiss his appeal. Once the appellate court granted petitioner's motion, there was no longer a pending action in state court and the limitations period would have continued to run for another 1624 days, from March 13, 2001 through August 25, 2005.[2]    Thus, if the

---

[2] Petitioner unsuccessfully sought leave to file a second post-conviction petition on August 1, 2000. That petition cannot be considered properly filed, and would not toll the limitations period. Only a "properly filed" application for state post-conviction review will toll the one-year limitation period. 28 U.S.C. §2244(d)(2). While Smith v. Walls, 276 F.3d 340 (7th Cir. 2001) held that a successive post-conviction petition does toll the time a prisoner has to file for habeas relief if the petition is "properly filed," the circumstances here are different than those in Smith. The petitioner in Smith specifically linked his second post-conviction to the first one he filed, noting that the second petition was the actual petition he meant to file originally, but could not. See Smith, 276 F.3d at 342. In contrast, the instant petitioner acknowledged that his second petition was *an entirely new petition*. See Exh. E at 5. More importantly, the circumstances are much closer to those described in Tinker v. Hanks, 255 F.3d 444, 445-46 (7th Cir. 2001), which held that because Indiana had a "filing condition" — namely a prisoner must seek permission from the state appellate court before he may file a successive petition — collateral petitions filed without such permission are not considered "properly filed." See Smith, 276 F.3d at 344.

instant petition were not already untimely when petitioner filed his first state post-conviction petition, he allowed the clock to run for 1624 days before filing for federal habeas relief. Accordingly, even if the petition were not untimely because petitioner did not file it within the one-year Lindh grace period, his petition for habeas corpus relief would still be untimely.

10. Because petitioner did not file his petition for writ of habeas corpus within the limitations period set forth in 28 U.S.C. §2244(d)(1), this Court should dismiss it as untimely. Petitioner had no state court proceedings pending between April 24, 1996 and April 24, 1997, therefore, nothing tolled the limitations period which expired by

---

While Illinois does not impose a pre-condition on the filing of successive post-conviction petitions, this petitioner affirmatively sought the state circuit court's permission to file the second post-conviction petition by filing a motion for leave to file his second petition. See Exh B (Order denying leave to file second post-conviction petition, People v. Delso, Macon County No. 94CR482). And his request was denied. Id. Moreover, the denial was in accordance with Illinois post-conviction law, which states that a second post-conviction can be considered only when a petitioner demonstrates that some external factor impeded efforts to raise the claim in the initial post-conviction proceeding and that application of forfeiture would deny petitioner the consideration of an error that "infected the entire trial that the resulting conviction or sentence violates due process." See People v. Pitsonbarger, 205 Ill.2d 444, 462, 464, 793 N.E.2d 609 (2002).

Accordingly, the factual circumstances here mirror Tinker, not Smith, as petitioner was never given permission to file his second petition. Absent leave to file, that second petition cannot be deemed "properly filed." See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1811-1812 (2005) (a court looking at the term "properly filed" should be guided the common usage and common understanding of the term); see also Brooks v. Walls, 301 F.3d 839, 842 (7th Cir. 2002) (unlike here, in Smith, Illinois had not argued that Smith's successive application was procedurally irregular). Thus, petitioner's second post-conviction petition was never before the state courts, and the only issue on appeal was the whether the circuit court's action denying leave was proper.

Because the circumstances here more closely resemble those in Tinker, this Court should find that petitioner's second post-conviction petition was not "properly filed," and thus never tolled the one-year statute of limitations under §2244(b).

7

the time he filed his first state post-conviction petition on November 7, 1997. Even beyond this period, because petitioner did not have a properly filed state post-conviction petition pending after March 13, 2001, the limitations period further lapsed by 1624 days, for a total of 2186 days (the previous 562 days plus 1624 days). Accordingly, his petition should be dismissed with prejudice.

.

## Conclusion

WHEREFORE, based on the foregoing, respondent requests that this Honorable Court dismiss the petition for writ of habeas corpus with prejudice as the instant petition is time-barred.

Respectfully submitted

LISA MADIGAN
Attorney General of Illinois

BY   s/Russell K. Benton
RUSSELL K. BENTON
Assistant Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2113
FAX (312) 814-5166
E-Mail: Rbenton@atg.state.il.us
Att.Reg.No: 6203142