IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
MACON COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 94-CF-482 |
| | ) | |
| JAMES DELSO, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING LEAVE TO FILE
SECOND POST-CONVICTION PETITION

On November 14, 1994, petitioner entered a plea of guilty to first degree murder and was sentenced to 33 years in prison. He did not file a direct appeal.

On November 7, 1997, petitioner mailed a *pro se* petition for post-conviction relief. It was received by the Circuit Clerk on November 20, 1997. The Circuit Court, on December 2, 1997, dismissed the petition as untimely filed.

On September 2, 1999, the Illinois Appellate Court reversed the Circuit Court's judgment because the date of mailing controls when determining whether a petition is timely filed. The Appellate Court remanded the cause with directions for the Circuit Court to determine whether the petition was frivolous or patently without merit.

On September 13, 1999, petitioner filed an amendment to his initial petition.

On October 5, 1999, the Circuit Court dismissed the petition as frivolous and patently without merit. The petitioner appealed from this final judgment of the Circuit Court.

On August 1, 2000, the petitioner filed in the Circuit Court a motion for leave to file a second petition for post-conviction relief, and he tendered his proposed petition.

EXHIBIT B

2

On March 13, 2001, the Illinois Appellate Court, at the request of the petitioner, dismissed the appeal from the Circuit Court's judgment dismissing the initial petition.

The Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition. The Act provides that "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Further, it is the law of Illinois that a ruling on an initial post-conviction petition has *res judicata* effect with respect to all claims that were raised or could have been raised in the initial petition.

The procedural bars of waiver and *res judicata* cannot be overcome unless the petitioner can establish good cause for failing to raise his claims in prior proceedings and actual prejudice resulting from the claimed errors. In this case the petitioner has failed to demonstrate either good cause or prejudice so as to warrant this Court's consideration of his second post-conviction petition. Consequently, the petitioner is procedurally barred from asserting the claims of error made in his second petition tendered on August 1, 2000.

This Court's authority to enter a summary order without allowing a second or third stage post-conviction hearing is not limited by the ninety day examination period set forth in 725 ILCS 5/122-2.1. The filing of a successive post-conviction petition is not a matter of right. Instead, it is predicated upon a demonstration of special circumstances. As previously stated herein, the petitioner has failed to show that he is entitled to relief from the finality of the prior proceedings.

ORDERED that, for the foregoing reasons, the motion filed August 1, 2000, for leave to file a second post-conviction petition is denied, and the cause is stricken.

3

FURTHER ORDERED that the Clerk of the Court shall serve a copy of this final judgment and a Supreme Court Rule 651(b) notice upon the petitioner by certified U.S. mail within ten days, and shall serve a copy upon the Macon County State's Attorney.

ENTERED:                    April 18, 2001

*[signature: John K. Greanias]*
Circuit Judge

CLERK'S CERTIFICATE OF COPY — WITH JUDGE'S VERIFICATION.—     **144C**

STATE OF ILLINOIS,
COUNTY OF MACON } ss.    I, KATHY A. HOTT,
Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of THE ORDER DENYING LEAVE TO FILE SECOND POST-CONVICITON PETITION ON FILE IN CAUSE NO: 94-CF-482 ENTITLED: THE PEOPLE OF THE STATE OF ILLINOIS VS. JAMES DELSO AS THE SAME APPEARS BY COMAPRISION WITH THE ORIGINAL ORDER DENYING LEAVE TO FILE SECOND POST-CONVICITON PETITION NOW ON FILE AND IN THIS OFFICE REMAINING.

Dated MARCH 3, 20 06

(Seal of court)

*Kathy A. Hott*
(Clerk of the Circuit Court)

By: BH
(Deputy)

---

STATE OF ILLINOIS,
COUNTY OF MACON } ss.    I, JOHN K. GREANIAS,
Judge of the Circuit Court of said County, do hereby certify that KATHY A. HOTT, whose name is subscribed to the foregoing Certificate of Attestation, now is, and was at the time of signing and sealing the same, Clerk of the Circuit Court of MACON County aforesaid, and keeper of the Records and Seal thereof, duly elected and qualified to office; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer.

(Seal of court)

*John K. Greanias*
(Judge)

---

STATE OF ILLINOIS,
COUNTY OF MACON } ss.    I, KATHY A. HOTT,
Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that JOHN K. GREANIAS, whose genuine signature appears to the foregoing certificate, was at the time of the signing the same, Judge of the Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere.

Dated MARCH 3, 20 06

(Seal of court)

*Kathy A. Hott*
(Clerk of the Circuit Court)

By: BH
(Deputy)