Attn: Craig

NO. 4-97-1163

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
SEP - 2 1999
Clerk of the
Appellate Court, 4th Dist.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>    v.<br>JAMES L. DELSO,<br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from<br>Circuit Court of<br>Macon County<br>No. 94CF482<br><br>Honorable<br>Jerry L. Patton,<br>Judge Presiding. |

ORDER

Defendant, James L. Delso, appeals the December 1997 order of the circuit court of Macon County, which dismissed as untimely his pro se petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 1996 & Supp. 1997)). On appeal, defendant argues the petition was timely filed based on the date of mailing. We reverse and remand for further proceedings.

On November 14, 1994, defendant entered a plea of guilty to first degree murder in the circuit court of Macon County and the trial court sentenced him to 33 years in prison. He filed no direct appeal. On November 7, 1997, defendant mailed a pro se petition for postconviction relief through the prison mail system, which was received and filed by the circuit clerk on November 20, 1997. On December 2, 1997, defendant's petition was dismissed by the trial court as untimely without appointment of counsel or an evidentiary hearing. This appeal followed.

Defendant argues, and the State concedes, the trial

EXHIBIT D

court erred in dismissing defendant's petition as untimely.  We agree.

The Act requires a petition for postconviction relief be filed within "3 years from the date of conviction." 725 ILCS 5/122-1(c) (West Supp. 1997).  In <u>People v. Johnson</u>, 232 Ill. App. 3d 882, 884, 598 N.E.2d 276, 277 (1992), this court held in determining whether a petition for postconviction relief is timely filed the date of <u>mailing</u> controls rather than the date of <u>filing</u>.

Defendant pleaded guilty on November 14, 1994.  An affidavit of service, which accompanied defendant's postconviction petition, was notarized as being subscribed and sworn on November 7, 1997.  This affidavit stated the accompanying documents were placed in the institutional mail at the Statesville Correctional Center on November 7, 1997.  These statements, on their face, establish the petition was timely filed according to the mailbox rule established in <u>Johnson</u>, 232 Ill. App. 3d at 884, 598 N.E.2d at 277.  Hence, we conclude the trial court erred in dismissing defendant's petition as untimely.

Defendant contends the trial court's error in dismissing its petition as untimely requires this court to reverse and remand the cause to the trial court for a determination on the merits.  In response, the State argues reversal and remand are not required because the trial court's dismissal may be properly affirmed on the merits.

The Act clearly establishes a three-step process for adjudication of petitions for postconviction relief.  First, the

trial court must determine whether the petition is frivolous or patently without merit. If the trial court determines the petition is frivolous or patently without merit, the trial court may dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 1996). Second, if the petition is not dismissed, then the trial court may appoint counsel to represent an indigent defendant. 725 ILCS 5/122-4 (West Supp. 1997). Counsel will have the opportunity to amend the postconviction petition, and the State may then move to dismiss the petition (725 ILCS 5/122-5 (West 1996)). Third, if the trial court does not dismiss the petition on the State's motion, an evidentiary hearing is held. People v. Lemons, 242 Ill. App. 3d 941, 944, 613 N.E.2d 1234, 1236 (1993).

  In interpreting this postconviction statutory scheme, the first district in People v. Day, 152 Ill. App. 3d 416, 421, 504 N.E.2d 979, 982 (1987), held the Act mandates the trial court, and not the appellate court, make the initial determination as to whether defendant's petition is frivolous or patently without merit. In Day, the appellate court found the trial court improperly dismissed defendant's postconviction petition without entering a verbal or written order expressly finding the petition to be frivolous or patently without merit. Upon remanding the cause, the appellate court stated "[j]urisdiction to determine whether [defendant's] petition is frivolous or patently without merit is vested in 'the court in which the conviction took place'" (Day, 152 Ill. App. 3d at 421, 504 N.E.2d at 982), in other words, the trial court. The appellate court further reasoned should it endeavor to undertake a merit determination it

- 3 -

would be assuming "a function specifically ascribed to the trial court" by the Act. <u>Day</u>, 152 Ill. App. 3d at 421, 504 N.E.2d at 982.

The position taken by the first district in <u>Day</u> is consistent with this court's opinion in <u>Johnson</u>. Upon finding the trial court erred in dismissing defendant's petition as untimely, this court did not consider the merits of defendant's petition, but rather remanded the cause to the trial court for further proceedings. <u>Johnson</u>, 232 Ill. App. 3d at 884, 598 N.E.2d 277.

In light of the foregoing authority, we hold this court should not make the initial determination with regard to the merit of defendant's petition. Accordingly, we reverse and remand the cause to the trial court to determine whether defendant's petition is frivolous or patently without merit.

Reversed and remanded with instructions.

KNECHT, P.J., with STEIGMANN and McCULLOUGH, JJ., concurring.

- 4 -