E-FILED
Monday, 20 March, 2006 12:34:21 PM
Clerk, U.S. District Court, ILCD

FILE COPY

SEP - 1 2004

NO. 4-01-0957

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of the Sixth Judicial Circuit, |
| Respondent-Appellee, | ) | Macon County, Illinois. |
| | ) | |
| vs. | ) | No. 94-CF-482 |
| | ) | |
| **JAMES DELSO,** | ) | Honorable |
| | ) | Theodore E. Paine, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## BRIEF AND ARGUMENT FOR PETITIONER-APPELLANT

CHARLES M. SCHIEDEL
Deputy Defender
Office of the State Appellate Defender
Supreme Court Unit
P. O. Box 5720
400 South Ninth Street, Suite 101
Springfield, IL 62705-5720
(217) 782-1989

**LAWRENCE BAPST**
Assistant Defender

COUNSEL FOR PETITIONER-APPELLANT

EXHIBIT E

## POINT AND AUTHORITIES

**THE TRIAL COURT ERRED IN DENYING JAMES DELSO'S REQUEST TO FILE A SECOND PETITION FOR POST-CONVICTION RELIEF WHERE MR. DELSO'S PETITION SATISFIED THE CAUSE AND PREJUDICE TEST.**

Bously v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ........... 8

Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ................. 8

People v. Jones, 211 Ill.2d 140, 809 N.E.2d 1233 (2004) ........................... 7

People v. Johnson, 206 Ill.2d 348, 794 N.E.2d 294 (2002) .......................... 6

People v. Pitsonbarger, 205 Ill.2d 444, 793 N.E.2d 609 (2002) ....................... 6

## NATURE OF THE CASE

On November 15, 1994, Mr. Delso pled guilty and was sentenced to a term of imprisonment of 33 years. (Supp.R. C. 47)  On November 7, 1997, Mr. Delso filed a *pro se* petition for post-conviction relief. (Supp.R. C. 138-140) Since the petition was not received by the circuit court of Macon County until November 20th, the trial court denied the petition because it was not timely filed within three years from the date of conviction. (Supp.R. C. 149)

On August 1, 2000, James Delso filed a second petition for post-conviction relief. (Vol. I, C. 8-26)  On April 18, 2001, the trial court denied leave for James Delso to file the petition.

Notice of appeal was timely filed on May 2, 2001. (Vol. I, C. 71)  The petitioner appeals from the trial court's dismissal of his second *pro se* post-conviction petition.

## ISSUE PRESENTED FOR REVIEW

Whether the trial court erred in denying James Delso's request to file a second petition for post-conviction relief where Mr. Delso's petition satisfied the cause and prejudice test?

## **JURISDICTION**

James Delso, petitioner-appellant, appeals the dismissal of his post-conviction petition. The judgment being appealed was entered on April 18, 2001. Notice of appeal was timely filed on May 2, 2001. Jurisdiction therefore lies in this Court pursuant to Article VI, Section 6, of the Illinois Constitution, and Supreme Court Rule 651(a).

## STATEMENT OF FACTS

Information No. 94-CF-482 charged James Delso with the offense of first degree murder. (Supp.R. C. 5-8)  On November 15, 1994, Mr. Delso pled guilty and was sentenced to a term of imprisonment of 33 years.  (Supp.R. C. 47)  On November 7, 1997, Mr. Delso filed a *pro se* petition for post-conviction relief.  (Supp.R. C. 138-140)  Since the petition was not received by the circuit court of Macon County until November 20th, the trial court denied the petition because it was not timely filed within three years from the date of conviction.  (Supp.R. C. 149)

On August 1, 2000, James Delso filed a second petition for post-conviction relief.  (Vol. I, C. 8-26)  This petition noted the filing of his previous petition but stated that the second petition for post-conviction relief was necessary because of newly discovered evidence that would establish Mr. Delso's actual innocence, and further stated that the issues could not have been raised in the first petition because James Delso "had to study under unbelievable condition and circumstances."  (Vol. I, C. 9)

On April 18, 2001, the trial court issued an "Order Denying Leave to File Second Post-Conviction Petition".  (Vol. I, C. 67-69)  The trial court noted that the defendant did not file a direct appeal from his November 14, 1994 guilty plea to the offense of murder; and that his first petition for post-conviction relief, filed on November 7, 1997, was subsequently dismissed as frivolous and patently without merit on October 5, 1999.  (Vol. I, C. 67)  The trial court found that the petitioner had not demonstrated "either good cause or prejudice."  (Vol. I, C. 68)  The trial court did not make a finding that the allegations contained in the petition were frivolous or patently without merit; instead, the trial court summarily denied leave for James Delso to file the petition, saying that "[t]he filing of a successive post-conviction petition is not a matter of right."  (Vol. I, C. 68)

Notice of appeal was timely filed on May 2, 2001.  (Vol. I, C. 71)

## ARGUMENT

**THE TRIAL COURT ERRED IN DENYING JAMES DELSO'S REQUEST TO FILE A SECOND PETITION FOR POST-CONVICTION RELIEF WHERE MR. DELSO'S PETITION SATISFIED THE CAUSE AND PREJUDICE TEST.**

James Delso's request to file a second petition for post-conviction relief was denied by the trial court, which stated that the petitioner had not satisfied the cause and prejudice test. Mr. Delso's second petition adequately set for the reasons why he could not have included these issues in his first petition; in addition, the second petition alleged that James Delso was actually innocent. Under these circumstances, it was error for the trial court to refuse to allow the filing of a second *pro se* post-conviction petition.

A defendant who has failed to include an issue in his original or amended post-conviction may raise the issue in a successive petition if he can meet the strictures of the cause and prejudice test: the defendant must demonstrate cause for failing to raise the error in prior proceedings and actual prejudice resulting from the claimed error. People v. Pitsonbarger, 205 Ill.2d 444, 459, 793 N.E.2d 609 (2002). The standard of review: if a post-conviction petition is dismissed without an evidentiary hearing review is *de novo*. People v. Johnson, 206 Ill.2d 348, 794 N.E.2d 294 (2002).

Information No. 94-CF-482 charged James Delso with the offense of first degree murder. (Supp.R. C. 5-8) On November 15, 1994, Mr. Delso pled guilty and was sentenced to a term of imprisonment of 33 years. (Supp.R. C. 47) On November 7, 1997, Mr. Delso filed a *pro se* petition for post-conviction relief. (Supp.R. C. 138-140) Since the petition was not received by the circuit court of Macon County until November 20th, the trial court denied the petition because it was not timely filed within three years from the date of conviction. (Supp.R. C. 149)

On August 1, 2000, James Delso filed a second petition for post-conviction relief. (Vol. I, C. 8-26) This petition noted the filing of his previous petition but stated that the second petition for post-conviction relief was necessary because of newly discovered evidence that would establish Mr. Delso's actual innocence, and further stated that the issues could not have been raised in the first

petition because James Delso "had to study under unbelievable condition and circumstances." (Vol. I, C. 9)

On April 18, 2001, the trial court issued an "Order Denying Leave to File Second Post-Conviction Petition". (Vol. I, C. 67-69) The trial court noted that the defendant did not file a direct appeal from his November 14, 1994 guilty plea to the offense of murder; and that his first petition for post-conviction relief, filed on November 7, 1997, was subsequently dismissed as frivolous and patently without merit on October 5, 1999. (Vol. I, C. 67) The trial court found that the petitioner had not demonstrated "either good cause or prejudice." (Vol. I, C. 68) The trial court did not make a finding that the allegations contained in the petition were frivolous or patently without merit; instead, the trial court summarily denied leave for James Delso to file the petition, saying that "[t]he filing of a successive post-conviction petition is not a matter of right." (Vol. I, C. 68)

The trial court erred in finding that the defendant's successive post-conviction petition as a whole failed to meet the cause and prejudice test and denying Mr. Delso leave to file his second petition for post-conviction relief. A defendant who has failed to include an issue in his original or amended post-conviction petition may raise the issue in a successive petition if he can meet the strictures of the cause and prejudice test. Under that test, the defendant must demonstrate cause for failing to raise the error in prior proceedings and actual prejudice resulting from the claimed error. In People v. Jones, 211 Ill.2d 140, 149, 809 N.E.2d 1233, 1239 (2004), the Illinois Supreme Court held that the Post-Conviction Hearing Act does not forbid the filing of a successive petition: "rather, it provides that any claim not raised in the original or an amended petition is waived. Thus, the fundamental fairness exception applies to claims, not to petitions, and the cause-and-prejudice test must be applied to individual claims, not to the petition as a whole."

In his petition, Mr. Delso asserted that his attorney failed to interview several witnesses who would have testified that one of the State's witnesses committed the offense, not Mr. Delso. C. 10-12) Further, Mr. Delso asserted that the prosecutor failed to disclose exculpatory material that would have proven the defendant innocent. (C. 14) Neither of these allegations were contained in James

-7-

Delso's first petition for post-conviction relief. These allegations set forth the gist of a claim of constitutional deprivation and establish prejudice.

Finally, Mr. Delso alleged sufficient reasons in his petition for failing to raise these issues in his earlier petition for post-conviction relief. James Delso asserted that the evidence that would have established his actual innocence was newly discovered, and further avowed that "the reason they were not set forth in his first petition is he had to study under unbelievable conditions and circumstances." (C. 9) These allegations explain the reason why the issues could not have been raised in the first petition and establish cause for allowing a second petition for post-conviction relief to be filed. Thus, James Delso's second *pro se* petition for post-conviction relief satisfied the cause and prejudice test; Mr. Delso should have been allowed to file his second petition.

Even if he had not satisfied the cause and prejudice test for successive petitions, the trial court failed to consider that Mr. Delso's second *pro se* post-conviction petition alleged that he was actually innocent: a claim of actual innocence requires at the very least that the trial court allow the filing of the petition and make a determination concerning the allegations contained therein. In federal court a petitioner, to pursue defaulted claims, must demonstrate either cause and actual prejudice or that he is actually innocent: a defaulted claim may still be reviewed in a collateral proceeding if the petitioner can establish that the constitutional error he alleges "has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In Bously v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the District Court failed to address petitioner's claim of actual innocence; the Supreme Court remanded for a hearing to permit the petitioner to attempt to make a showing of actual innocence. Similarly, even if James Delso had not established cause and prejudice, the trial court should have allowed him to file his petition because he alleged that he was actually innocent: under these circumstances a defaulted claim should still be addressed.

The successive petition filed by James Delso alleged sufficient cause and prejudice to require that the trial court allow it to be filed; in addition, Mr. Delso's second petition for post-conviction relief asserted that he was actually innocent, which requires review despite the failure to include

-8-

these constitutional issues in his first petition.  This court should remand the cause with directions to the trial court to allow the filing of James Delso's second post-conviction petition.

## <u>CONCLUSION</u>

For the foregoing reasons, the Petitioner-Appellant respectfully requests that this court reverse and remand with directions for the trial court to allow James Delso to file his second post-conviction petition.

Respectfully submitted,

**LAWRENCE BAPST**
Assistant Defender

COUNSEL FOR PETITIONER-APPELLANT

## NO. 4-01-0957

## IN THE

## APPELLATE COURT OF ILLINOIS

## FOURTH JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of the Sixth Judicial Circuit, |
| Respondent-Appellee, | ) | Macon County, Illinois. |
| | ) | |
| vs. | ) | No. 94-CF-482 |
| | ) | |
| **JAMES DELSO,** | ) | Honorable |
| | ) | Theodore E. Paine, |
| Petitioner-Appellant. | ) | Judge Presiding. |

---

### NOTICE AND PROOF OF SERVICE

TO:     Scott Rueter                                  James Delso
        State's Attorney                              Register No. B-35965
        253 E. Wood St.                               P.O. Box 900
        Decatur IL  62523                             Sumner IL  62466

        State's Attorney's Appellate Prosecutor
        725 S. Second Street
        Springfield IL  62704

Please take notice that I have delivered the original and five copies of the Brief and Argument of Petitioner-Appellant to the Clerk of the above Court, and that I am serving SAAP with two copies, and the State's Attorney and Appellant each with one copy by depositing the copies in the mail in Springfield, Illinois, with sufficient prepaid postage and addressed as indicated above on this 31st day of August, 2004.

*Sheila A. Hustava*
SHEILA A. HUSTAVA
Legal Secretary

Subscribed and sworn to
before me this 31 day
of August, 2004.

*Arlene Kay Montgomery*
NOTARY PUBLIC

Official Seal
Arlene Kay Montgomery
Notary Public State of Illinois
My Commission Expires 12/18/06