NO. 4-01-0957

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court of |
| | ) the Sixth Judicial Circuit |
| Plaintiff-Appellee, | ) Macon County, Illinois |
| | ) |
| vs. | ) No.  94-CF-482 |
| | ) |
| JAMES DELSO, | ) Honorable |
| | ) Theodore E. Paine |
| Defendant-Appellant. | ) Judge Presiding. |

---

BRIEF AND ARGUMENT FOR PLAINTIFF-APPELLEE

Scott Rueter
State's Attorney
Macon County Courts Facility
Decatur, Illinois  62523

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Thomas R. Dodegge
Of Counsel
State's Attorneys Appellate
     Prosecutor
725 South Second Street
Springfield, Illinois  62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE

EXHIBIT F

<u>POINT AND AUTHORITIES</u>                    <u>PAGE</u>

THE TRIAL COURT PROPERLY DISMISSED DEFENDANT'S

SECOND POST-CONVICTION PETITION...................... 2


People v. <u>Pitsonbarger</u>, 205 Ill.2d 444, 275 Ill.Dec.

     838, 793 N.E.2d 609 (2002)..................... 3, 4,
                                      9, 14

People v. <u>Dauer</u>, 293 Ill.App.3d 329, 227 Ill.Dec.

     706, 687 N.E.2d 1188 (4th Dist. 1997)........... 3

People v. <u>Wright</u>, 189 Ill.2d 1, 243 Ill.Dec. 198,

     223 N.E.2d 230 (1999), <u>overruled in part on</u>

     <u>other grounds</u> in People v. <u>Boclair</u>, 202 Ill.2d

     89, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002)..... 3

People v. <u>Fikara</u>, 345 Ill.App.3d 144, 280 Ill.Dec.

     335, 802 N.E.2d 260 (2nd Dist. 2003)........... 4, 5

People v. <u>Smith</u>, 341 Ill.App.3d 530, 276 Ill.Dec.

     472, 794 N.E.2d 367 (1st Dist. 2003)........... 4, 9, 10,
                                        11, 13,
                                        15, 16

Mason v. <u>Snyder</u>, 332 Ill.App.3d 834, 266 Ill.Dec.

     351, 774 N.E.2d 457 (4th Dist. 2002)........... 5

People v. <u>Little</u>, 335 Ill.App.3d 1046, 270 Ill.Dec.

     398, 782 N.E.2d 957 (4th Dist. 2003)........... 5

People v. <u>Orange</u>, 195 Ill.2d 437, 255 Ill.Dec. 450,

     749 N.E.2d 932 (2001)......................... 5, 6, 10

i

People v. Kimble, 348 Ill.App.3d 1031, 285 Ill.Dec.

    105, 811 N.E.2d 346 (4th Dist. 2004)............ 6

People v. Britt-El, 206 Ill.2d 331, 276 Ill.Dec.

    309, 794 N.E.2d 204 (2002)...................... 6, 9

People v. Peeples, 155 Ill.2d 422, 186 Ill.Dec. 341,

    616 N.E.2d 294 (1993)........................... 7

Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602,

    36 L.Ed.2d 235 (1973)........................... 7

People v. Mendez, 336 Ill.App.3d 935, 271 Ill.Dec.

    207, 784 N.E.2d 425 (3rd Dist. 2003)............ 8

People v. Flores, 153 Ill.2d 264, 180 Ill.Dec. 1,

    606 N.E.2d 1078 (1992).......................... 8

Brady v. United States, 397 U.S. 742, 90 S.Ct.

    1463, 25 L.Ed.2d 747 (1970)..................... 8

People v. McClain, 292 Ill.App.3d 185, 226 Ill.Dec.

    66, 684 N.E.2d 1062 (4th Dist. 1997), overruled

    on other grounds in People v. Woods, 193 Ill.2d

    483, 250 Ill.Dec. 730, 739 N.E.2d 493 (2000).... 9

People v. Fuller, 205 Ill.2d 308, 275 Ill.Dec. 755,

    793 N.E.2d 526 (2002)........................... 11

People v. Lawler, 142 Ill.2d 548, 154 Ill.Dec. 674,

    568 N.E.2d 895 (1991)........................... 12

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10

    L.Ed.2d 215 (1963).............................. 14

725 ILCS 5/122-2.1(a) ................................. 3

725 ILCS 5/122-1(a) (2004) ........................... 10

Illinois Supreme Court Rule 341(e)(7) ................ 5, 15

## NATURE OF THE CASE

In 1994, defendant, James Delso, pleaded guilty to first degree murder and was sentenced to 33 years' imprisonment. Defendant appeals from the summary dismissal of his second petition for post-conviction relief.

ARGUMENT

THE TRIAL COURT PROPERLY DISMISSED DEFENDANT'S SECOND POST-CONVICTION PETITION.


On June 3, 1994, defendant was charged, inter alia, with the first degree murder of James Talley, Jr. (Supp. R. Vol. I, C5) On November 14, 1994, defendant pleaded guilty to this offense. (Supp. R. Vol. II, 1-9) Pursuant to a fully negotiated guilty plea, he was sentenced to 33 years' imprisonment. (Supp. R. Vol. II, 9) Defendant did not file a direct appeal.

On November 7, 1994, defendant filed a pro se post-conviction petition in regard to this conviction. (Supp. R. Vol. I, C137) The trial court dismissed the petition as untimely. (Supp. R. Vol. I, C149) Defendant appealed. (Supp. R. Vol. I, C152) On September 2, 1994, this court reversed. (Common Law Record (C.L.R.), C67)

On September 7, 1999, defendant filed a pro se amendment to the petition. (Supp. R. Vol. III, C36) On October 5, 1999, the trial court dismissed the petition and amended petition as frivolous and patently without merit. (Supp. R. Vol. III, C55-C56) Defendant appealed, and on March 13, 2001, this court

2

dismissed the appeal pursuant to defendant's request. (C.L.R. C68)

On July 25, 2000, defendant filed a second pro se petition for post-conviction relief. (C.L.R. C7)  On April 18, 2001, the trial court filed an order denying leave to file a second post-conviction petition. (C.L.R. C67-C68)

On appeal, defendant contends that the trial court erred in denying him leave to file a second post-conviction petition. Primarily citing People v. Pitsonbarger, 205 Ill.2d 444, 275 Ill.Dec. 838, 793 N.E.2d 609 (2002), defendant contends that the trial court erred because the petition satisfied the cause-and-prejudice test.

Initially, the State notes that defendant filed his second post-conviction petition on July 25, 2000, and the trial court denied leave to file on April 18, 2001. (C.L.R. C7, C68)  Section 122-2.1(a) of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a)) gives a trial court 90 days to determine whether a petition was frivolous or patently without merit.  See People v. Dauer, 293 Ill.App.3d 329, 227 Ill.Dec. 706, 687 N.E.2d 1188 (4th Dist. 1997).

In People v. Wright, 189 Ill.2d 1, 243 Ill.Dec. 198, 223 N.E.2d 230, 236 (1999), overruled in part on other grounds in People v. Boclair, 202 Ill.2d 89, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002), the supreme court held that the State had waived

3

its right to argue that a post-conviction petition was untimely by failing to raise this issue in the trial court. By analogy, defendant has waived any issue in regard to the timeliness of the trial court's ruling by failing to make this argument on appeal. See People v. Fikara, 345 Ill.App.3d 144, 280 Ill.Dec. 335, 802 N.E.2d 260, 274 (2nd Dist. 2003) (affirming on de novo review dismissal of post-conviction petition without evidentiary hearing based in part on defendant's waiver under Rule 341(e)(7)).

Further, in its order denying defendant leave to file his second post-conviction petition, the trial court ruled that the 90-day limitation was inapplicable to successive petitions. (C.L.R. C68)  Successive petitions elicit unique policy considerations that are not implicated by the filing of a first petition. People v. Smith, 341 Ill.App.3d 530, 276 Ill.Dec. 472, 794 N.E.2d 367 (1st Dist. 2003). A successive petition can only be entertained when fundamental fairness so requires. Smith, 794 N.E.2d at 377. The cause-and-prejudice test determines whether a claim raised in a successive petition is subject to waiver under section 122-3 of the Post-Conviction Hearing Act. Pitsonbarger, 793 N.E.2d at 609. Given these factors, this court should conclude that a successive petition may be summarily dismissed after 90 days where the defendant has failed to demonstrate cause and

4

prejudice.    See <u>Mason</u> v. <u>Snyder</u>, 332 Ill.App.3d 834, 266 Ill.Dec. 351, 774 N.E.2d 457, 464 (4th Dist. 2002) (trial court has inherent authority to strike mandamus petitions which are frivolous and without merit).

In his brief, defendant only discusses his post-conviction claims pertaining to the failure of defense counsel to interview several witnesses (issue one in the petition) and the failure of the prosecutor to disclose exculpatory material (issue three).  Consequently, these are the only claims that this court should consider on appeal.    See Illinois Supreme Court Rule 341(e)(7); <u>Fikara</u>, 802 N.E.2d at 774.

The State will contend that these claims are barred by res judicata, waived by defendant's guilty plea, and that they fail to meet the cause-and-prejudice test.    This court may affirm the trial court's action on any basis supported by the record.    <u>People</u> v. <u>Little</u>, 335 Ill.App.3d 1046, 270 Ill.Dec. 398, 782 N.E.2d 957, 962 (4th Dist. 2003).

As to res judicata, in <u>People</u> v. <u>Orange</u>, 195 Ill.2d 437, 255 Ill.Dec. 450, 749 N.E.2d 932 (2001), the supreme court stated:

> The defendant raised, and this court rejected, precisely the same argument on appeal from the denial of his first post-conviction petition.  See *Orange*, 168 Ill.2d at 147-54, 213 Ill.Dec. 589, 659 N.E.2d 935.  Because the argument was raised and rejected in the prior appeal, it is *res judicata*. *Jones*, 191 Ill.2d at 358, 247 Ill.Dec. 518, 732

5

N.E.2d 573; *People v. Maxwell*, 173 Ill.2d 102, 123, 219 Ill.Dec. 1, 670 N.E.2d 679 (1996). Accordingly, we will not address it further.

749 N.E.2d at 944.

On September 7, 1999, defendant filed an amendment to his November 7, 1997, petition. (Supp. R. Vol. III, C36) This amendment included claims pertaining to defense counsel's failure to interview certain witnesses and the failure of the State to disclose certain exculpatory evidence. (Supp. R. Vol. III, C37)

On October 5, 1999, the trial court entered an order dismissing the petition as frivolous and patently without merit. In the order, the trial court stated:

> Fourth, the Defendant's Post-Conviction Petition and <u>Amended Petition</u> do not show any violation of his constitutional rights.

> (Supp. R. Vol. III, C56) (emphasis added)

Defendant appealed. On March 13, 2001, this court dismissed the appeal pursuant to defendant's request. (C.L.R. C68) Defendant's two claims are barred by res judicata since he was given the opportunity to fully litigate these claims. See <u>People</u> v. <u>Kimble</u>, 348 Ill.App.3d 1031, 285 Ill.Dec. 105, 811 N.E.2d 346, 349 (4th Dist. 2004). Defendant does not contend that the proceedings on the first petition were deficient in some fundamental way. See <u>People</u> v. <u>Britt-El</u>,

6

206 Ill.2d 331, 276 Ill.Dec. 309, 794 N.E.2d 204, 209-210 (2002).

Although defendant states in his brief that his current claims were not included in his first post-conviction petition (Deft. Br. 8), this statement fails to consider the amendment.

As to waiver, defendant pleaded guilty to first degree murder. (Supp. R. Vol. II, C1-9)   In People v. Peeples, 155 Ill.2d 422, 186 Ill.Dec. 341, 616 N.E.2d 294 (1993), the supreme court stated:

> In Illinois, it is settled that "'a constitutional right, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional.'" (*Del Vecchio*, 105 Ill.2d at 433, 86 Ill.Dec. 461, 475 N.E.2d 804, quoting *People v. Brown* (1969), 41 Ill.2d 503, 505, 244 N.E.2d 159.) Issues waived by a defendant's plea of guilty include the admissibility of his or her confession.

> 616 N.E.2d at 326.

In Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Court stated:

> But the Court in *Brady* and *Parker*, as well as in *McMann*, refused to address the merits of the claimed constitutional deprivations that occurred prior to the guilty plea.  Instead, it concluded in each case that the issue was not the merits of these constitutional claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel.

> 93 S.Ct. at 1607.

7

Here, defendant's claim that the State failed to provide exculpatory material is clearly an alleged constitutional violation which occurred prior to the guilty plea. As such, it has been waived by the guilty plea.

A guilty plea is voluntary only if it is entered with the assistance of competent counsel. People v. Mendez, 336 Ill.App.3d 935, 271 Ill.Dec. 207, 784 N.E.2d 425, 427 (3rd Dist. 2003). Defendant contends that he would not have pleaded guilty if defense counsel had interviewed certain witnesses and that defense counsel was ineffective.

A defendant cannot attach a constitutional label to factual allegations that do not in themselves raise an issue of constitutional proportions. People v. Flores, 153 Ill.2d 264, 180 Ill.Dec. 1, 606 N.E.2d 1078 (1992). In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Court stated:

> We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.

> 90 S.Ct. at 1474.

In the case at bar, defendant is essentially alleging that his guilty plea was involuntary because the State had a

8

weaker case than he thought.  Since this does not provide a basis for the disowning of a guilty plea, defendant cannot obtain relief by phrasing his claim in terms of ineffective assistance of counsel.

Next, the State will address defendant's claim that he established the elements of the cause-and-prejudice test.  As noted in defendant's brief, the supreme court adopted the cause-and-prejudice test in <u>Pitsonbarger</u> to address successive petitions.  A defendant must establish both elements of this test in order to prevail.  <u>Pitsonbarger</u>, 793 N.E.2d at 624. A defendant must establish cause and prejudice as to each individual claim.  <u>Pitsonbarger</u>, 793 N.E.2d at 623.

In <u>Britt-El</u>, the supreme court defined "cause" as an objective factor, external to the defense, which impeded defendant's efforts to raise the claim in the first proceeding.  See <u>Smith</u>, 794 N.E.2d at 209.  In his brief, defendant asserts that he has established "cause" because the reason his claims "were not set forth in his first petition is he had to study under unbelievable conditions and circumstances." (Deft. Br. 8)

In <u>People</u> v. <u>McClain</u>, 292 Ill.App.3d 185, 226 Ill.Dec. 66, 684 N.E.2d 1062 (4th Dist. 1997), <u>overruled on other grounds</u> in <u>People</u> v. <u>Woods</u>, 193 Ill.2d 483, 250 Ill.Dec. 730, 739 N.E.2d 493, 496 (2000), this court concluded that a prison

9

lockdown did not constitute a legitimate excuse for an inmate not filing a post-conviction petition in a timely fashion. By analogy, defendant's claim cannot establish "cause." Apparently, defendant's assertion pertains to the conditions resulting from his incarceration.   However, if a prison lockdown did not excuse a late filing, mere incarceration should not establish "cause." Further, the current version of section 122-1(a) (725 ILCS 5/122-1(a) (2004)) indicates that a petitioner must be "in the penitentiary" to file a post-conviction petition.   If the conditions resulting from incarceration established cause, this element would be meaningless.

Defendant also contends that the evidence of his "actual innocence" was newly discovered. (Deft. Br. 8)  However, the relevant attachments to his second petition are from 1994. (C.L.R. C27-C43)  Defendant provides no explanation as to why these attachments were not available when he filed his first petition.   See Smith, 794 N.E.2d at 378.   As such, this contention is not supported by the record.

"Prejudice" is an error that so infected the entire trial that the defendant's conviction violated due process. Orange, 794 N.E.2d at 939-940.   To establish prejudice, where a defendant claims ineffective assistance of counsel, a

10

defendant must prove both prongs of the <u>Strickland</u> test.  See <u>Smith</u>, 794 N.E.2d at 381-382.

In <u>People</u> v. <u>Fuller</u>, 205 Ill.2d 308, 275 Ill.Dec. 755, 793 N.E.2d 526 (2002), the defendant had pleaded guilty.  The court stated:

> In order to establish the "prejudice" requirement in such cases, a defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.  *Pugh*, 157 Ill.2d at 15, 191 Ill.Dec. 10, 623 N.E.2d 255; *Hill*, 474 U.S. at 59, 106 S.Ct. at 370-71, 88 L.Ed.2d at 210.  As the Court in *Hill* observed, the question of prejudice depends in large part on a prediction of whether the defendant likely would have succeeded at trial:
>
> 793 N.E.2d at 542.

As noted, defendant claimed that defense counsel was ineffective for failing to interview certain witnesses.  Normally, in order to establish prejudice, a defendant would have to attach affidavits from the witnesses to his petition.  See <u>Smith</u>, 794 N.E.2d at 382.  Here, defendant failed to attach affidavits.  However, he stated that the reason he did not include affidavits was that he was unsuccessful in attempting to contact these persons. (C.L.R. C21)  As a substitute for affidavits, defendant attached police reports. (C.L.R. C27-C43)

11

Assuming for the purposes of argument that this is sufficient at the first stage, defendant has still failed to establish the prejudice prong of Strickland. Defendant's petition stated in part:

> 2). That on 4-26-94 Lether Talley advised officer Beck that she had heard that "Cat Daddy" (state's witness) was responsible for the shooting death of James Talley. (see exhibit A)
>
> * * *
>
> 11.) That Lether Talley stated that there would be a B/F who would remain anonymous, who would give officer Montgomery some important information this evening. (see exhibit D)
>
> 12.) That on 4-25-94 reporting officer Montgomery spoke with said B/F, this B/F stated that "Cat Daddy" was the subject who killed James Talley. (see exhibit D)
>
> (C.L.R. C10-C11)

As indicated, point (2) references inadmissible hearsay. See People v. Lawler, 142 Ill.2d 548, 154 Ill.Dec. 674, 568 N.E.2d 895, 899 (1991). Points (11) and (12) reference an unidentified witness. Therefore, none of these quoted points has any real probative value. On the other hand, the factual basis from the guilty plea indicated that the victim identified defendant by a nickname as the person who shot him. (Supp. R. Vol. II, 6) Also, the factual basis stated that an eyewitness would testify that he saw defendant shoot the victim (Supp. R. Vol. II, 7) and that other witnesses would

12

testify that they recognized defendant (Supp. R. Vol. II, 7).

Under the circumstances, there is no reasonable probability

that defendant would have succeeded at trial (see <u>Smith</u>, 794

N.E.2d at 382), and, as a consequence, there was no prejudice.

Defendant also contends that the prosecution failed to

disclose exculpatory evidence.  This claim in its entirety is

quoted below:

> ISSUE THREE: WHETHER PETITIONER WAS DENIED DUE
> PROCESS AND EQUAL PROTECTION OF THE LAWS, IN
> VIOLATION OF THE 5, AND 14TH AMENDMENT OF THE U.S.
> CONSTITUTION WHEN THE STATE'S ATTORNEY FAILED TO
> DISCLOSE EXCULPATORY (MATERIAL) EVIDENCE.
>
> 1.) That Wiggins stated that no one was at the house
> but her and Orlando Allen.
>
> 2.) That Wiggins stated that she knows no one by
> the name Whami.
>
> 3.) That Allen stated that no one was at the house
> but Wiggins.
>
> 4.) That Allen stated that he knows no one by the
> name Whami.
>
> 5.) That Torre Wilson stated that Talley was
> talking with the unknown B/M and cat daddy was
> standing 5 feet away from them.
>
> (C.L.R. C14)

A defendant must present at least a limited amount of

detail necessary to set forth the "gist" of a constitutional

claim in order to avoid summary dismissal.  <u>Smith</u>, 794 N.E.2d

at 382.  Here, defendant has provided no basis whatsoever to

13

establish a claim under <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83, 83
S.Ct. 1194, 10 L.Ed.2d 215 (1963). As such, he has failed to
establish the prejudice element of the cause-and-prejudice
test.

Defendant further contends that the trial court's
dismissal was erroneous because he alleged he was actually
innocent. In <u>Pitsonbarger</u>, the supreme court stated:

> We reaffirm that even if the petitioner cannot show
> cause and prejudice, his failure to raise a claim
> in an earlier petition will be excused if necessary
> to prevent a fundamental miscarriage of justice.
> To demonstrate such a miscarriage of justice, a
> petitioner must show actual innocence, or, in the
> context of the death penalty, he must show that but
> for the claimed constitutional error he would not
> have been found eligible for the death penalty.

793 N.E.2d at 621.

Under <u>Pitsonbarger</u>, a defendant must "show" actual
innocence. For the reasons discussed supra, defendant's
second post-conviction petition provides no basis to support
a contention that he was innocent of first degree murder.

As to defendant's apparent contention that a mere
allegation of actual innocence is sufficient to prevent a
first stage dismissal, this is contradicted by the quote from
<u>Pitsonbarger</u>. Additionally, if all a defendant had to do was
"allege" in a successive petition that he was actually
innocent, the fundamental miscarriage of justice exception

14

would be meaningless for purposes of the first-stage review. As the court observed in Smith:

> As the United States Supreme Court has stated in the context of successive *habeas corpus* petitions, "Without finality, the criminal law is deprived of much of its deterrent effect. The fact that life and liberty are at stake in criminal prosecutions 'shows only that "conventional notions of finality" should not have as much place in criminal as in civil litigation, not that they should have none.'"

797 N.E.2d at 377.

Finally, as discussed earlier, there are a number of contentions in defendant's second post-conviction petition which are not discussed in his brief. Consequently, appellate consideration of these claims has been forfeited under Illinois Supreme Court Rule 341(e)(7).

Moreover, even if this court were to review these claims, there would still be no basis for reversing the trial court. In his second petition, defendant contended that defense counsel was ineffective for failing to impeach certain State witnesses (issue two); that the trial judge failed to give adequate admonishments (issue four); that the trial court's remark at defendant's sentencing for attempt murder was prejudicial (issue five); that the trial court denied him a fair hearing on his motion for a change of venue (issue six); that the trial court improperly admitted testimony (issue seven); that defense counsel coerced defendant into pleading

15

guilty (issue eight); that defense counsel failed to comply with supreme court rules (issue nine); that defense counsel failed to file a motion to withdraw guilty plea (issue ten); and that defense counsel was ineffective for failing to interview a witness as to persons who went by the name of "Whammy" (issue eleven). (C.L.R. C12-C19)

Given the nature of these allegations, defendant could clearly not establish the "cause" element of the test since all of these contentions could have been raised in defendant's first petition.   All of the claims were either based on the record (issues two, four, five, six, seven, and nine), materials in existence at the time of the guilty plea (issue eleven), or matters personally known to defendant (issues eight and ten).   See <u>Smith</u>, 794 N.E.2d at 378.

16

## CONCLUSION

WHEREFORE, the PEOPLE OF THE STATE OF ILLINOIS respectfully request this court to affirm the trial court's judgment and to tax costs accordingly.

Respectfully Submitted,

THE PEOPLE OF THE STATE OF ILLINOIS

Scott Rueter
State's Attorney
Macon County Courts Facility
Decatur, Illinois 62523

Norbert J. Goetten
Director
Robert J. Biderman
Deputy Director
Thomas R. Dodegge
Of Counsel
State's Attorneys Appellate
     Prosecutor
725 South Second Street
Springfield, Illinois  62704
(217) 782 - 8076

COUNSEL FOR PLAINTIFF-APPELLEE

17