FILED
FEB 1 6 2005
CLERK OF THE
APPELLATE COURT, 4TH DIST.

NO. 4-01-0957

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee,<br>    v.<br>JAMES DELSO,<br>    Defendant-Appellant. | Appeal from<br>Circuit Court of<br>Macon County<br>No. 94CF482<br><br>Honorable<br>Theodore E. Paine,<br>Judge Presiding. |

---

ORDER

In July 2000, defendant, James Delso, filed his second postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 2000)). The trial court found defendant's petition failed to establish good cause and prejudice and denied defendant's petition. Defendant appeals and argues the court erred because the petition (1) sets forth both good cause and prejudice and (2) raises a claim of actual innocence. We affirm.

I. BACKGROUND

In November 1994, defendant pleaded guilty to the first degree murder (720 ILCS 5/9-1(a)(1) (West 1994)) of James Talley pursuant to a negotiated plea. The factual basis for the plea included a declaration by the victim identifying defendant, by his nickname, as the one who shot him. The factual basis also included other witnesses who would identify defendant as the shooter. The trial court accepted the negotiated plea and sentenced defendant to 33 years' imprisonment. There is no

EXHIBIT G

record of a direct appeal.

In November 1994, defendant filed his first postconviction petition. In this petition, defendant argued counsel forced him to plead guilty and he was thus denied effective assistance of counsel. In an attachment to his petition, defendant include a transcript excerpt showing the State's witness received immunity for first degree murder in exchange for his testimony. The trial court dismissed the petition as untimely. Defendant appealed, and we reversed the dismissal. People v. Delso, No. 4-97-1163 (September 2, 1999) (unpublished order under Supreme Court Rule 23).

In September 1999, defendant moved pro se to amend his petition. In his amended petition, defendant asserted a number of errors, including the following: (1) the court failed to admonish him properly and determine a factual basis supported his plea, (2) trial counsel failed to comply with supreme court rules, (3) trial counsel "failed to investigate or interview several witnesses," and (4) the "State's Attorney failed to disclose certain exculpatory evidence to the defense."

In October 1999, the trial court explicitly found the allegations in both the original and amended petitions to be frivolous and patently without merit. Defendant appealed. Later, however, defendant filed a motion to dismiss his appeal, which this court granted.

In July 2000, defendant filed a second postconviction petition. In this petition, defendant asserted 11 errors, which included the following: (1) trial counsel failed to interview several witnesses who would have testified Orlando Allen, the

State's witness against defendant, murdered James Talley; (2) trial counsel failed to impeach the State's witnesses regarding prior inconsistent statements; (3) the State failed to disclose exculpatory evidence; (4) the trial court did not properly admonish him before accepting his plea; (5) the trial court denied him a fair hearing on his motions for change of venue and trial judge; (6) the trial court improperly submitted into evidence witnesses who received immunity in exchange for their testimony and who were under the influence of drugs; (7) trial counsel "coerce[d] him into pleading guilty, where the evidence would have shown that he did not commit the crime, which further proves actual innocence"; (8) trial counsel failed to comply with supreme court rules; (9) trial counsel refused to move to withdraw the guilty plea to "argue meritorious issues that could have proven [defendant's] innocence"; and (10) trial counsel failed to interview a witness regarding others with the same nickname as defendant. Defendant attached approximately 20 exhibits, many of which were dated 1994.

In April 2001, the trial court denied defendant leave to file a second postconviction petition. The court determined defendant "failed to demonstrate either good cause or prejudice so as to warrant [its] consideration" of the second postconviction petition. This appeal followed.

## II. ANALYSIS

The Act provides a process by which a court may determine "whether a criminal defendant was convicted in substantial violation of his or her constitutional rights." People v. Collins, 202 Ill. 2d 59, 65, 782 N.E.2d 195, 198 (2002), citing

725 ILCS 5/122-1(a) (West 2000). This process begins when a defendant files a petition in the court in which he or she was convicted. 725 ILCS 5/122-1(b) (West 2000). The petition must, among other things, "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2000).

The Act contemplates just one petition. Arguments not raised in the first petition are waived. 725 ILCS 5/122-3 (West 2000). Arguments that were raised or could have been raised in the first petition are barred by res judicata. People v. Jones, 191 Ill. 2d 354, 358, 732 N.E.2d 573, 575 (2000). There are exceptions, however. A repeat petitioner can avoid the effects of waiver and res judicata if he or she can establish, in the successive petition, "good cause for failing to raise his claims in prior proceedings and actual prejudice resulting from the claimed errors." Jones, 191 Ill. 2d at 358, 732 N.E.2d at 575-76.

To establish the requisite "good cause," the defendant must point to an objective factor that was extraneous to the defense and that hindered efforts to make the claim earlier. See Jones, 191 Ill. 2d at 358, 732 N.E.2d at 576. Defendant, citing his petition, contends he has provided good cause. Defendant points to his assertion "the reason [the issues] were not set forth in his first petition is he had to study under unbelievable conditions and circumstances." Defendant also states his petition shows the evidence was newly discovered.

Defendant has not shown good cause. The language of the "good cause" test supposes the arguments appearing in the

- 4 -

second petition were "impeded" and not made earlier. See <u>Jones</u>, 191 Ill. 2d at 358, 732 N.E.2d at 576. Defendant's efforts were not impeded because he raised many of the same issues in his original and amended petitions. His current arguments that (1) counsel failed to investigate and interview witnesses, (2) the State did not disclose exculpatory evidence, (3) trial counsel coerced him to plead guilty, (4) trial counsel did not adhere to supreme court rules, (5) trial counsel did not move to withdraw the guilty plea, (6) the trial court admitted testimony from a witness who had been granted immunity for his testimony, and (7) the court did not admonish defendant properly were presented before, albeit in less detail. Moreover, a number of the police investigation reports used as exhibits to support these arguments in the successive petition were attached to the amended petition. Other exhibits, also investigation reports, were dated 1994. The purpose of a successive petition is not to provide inmates a second chance to develop arguments already presented and ruled upon.

As to the remaining arguments, the excuse of unbelievable study conditions fails. Defendant did not tell the trial court what those conditions were or how they allegedly prevented him from making claims that had been available for years. Without any explanation of conditions other than the fact of incarceration, which is a prerequisite under the Act (725 ILCS 5/122-1(a) (West 2000)), there is no good cause.

Defendant cannot establish good cause and thus cannot establish his successive petition should be allowed under the cause-and-prejudice test.

Defendant argues, however, even if he cannot establish the cause-and-prejudice test, the trial court erred by not addressing his claim of actual innocence. Defendant maintains his petition asserts a claim of actual innocence that, "at the very least," requires "the trial court allow the filing of the petition and make a determination concerning the allegations contained therein."

In postconviction cases in which the cause-and-prejudice test does not apply, a successive petition is permissible "when the denial of the petition would result in a fundamental miscarriage of justice." People v. Manrique, 351 Ill. App. 3d 277, 280, 813 N.E.2d 1095, 1098 (2004). To establish a fundamental miscarriage of justice, a defendant may allege a claim of actual innocence. People v. Pitsonbarger, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002). A claim of "actual innocence" cognizable under the Act is a claim in which newly discovered evidence shows a defendant to be actually innocent of the crime for which he was convicted. People v. Washington, 171 Ill. 2d 475, 489, 665 N.E.2d 1330, 1337 (1996).

Here, defendant's petition has not set forth a claim of actual innocence in that he has not alleged "newly discovered evidence" to show he is "actually innocent" of first degree murder. Defendant makes a one-sentence argument he has "newly discovered evidence that will prove actual innocence." Yet, he has pointed to no newly discovered evidence. His second petition has approximately 20 exhibits. The vast majority of these exhibits were dated 1994, several of which were attached to the amended petition. Those few dated after defendant's trial

- 6 -

include letters from defendant to potential witnesses to show defendant's failed efforts to obtain affidavits from witnesses and a "rap sheet" of one of the State's witnesses against defendant. This "rap sheet," though included with the petition, was not cited by defendant and does not support defendant's claim of actual innocence.

Having failed to point to any newly discovered evidence, defendant has not stated a claim of actual innocence. The trial court did not err by denying defendant's petition.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., with STEIGMANN and McCULLOUGH, JJ., concurring.