E-FILED
Monday, 03 April, 2006  03:26:35 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

United States of America ex rel.
    James Delso
        Petitioner,               No.05 C 2197

V.

                            Honorable
Donald Hulick, Warden      Michael P. McCuskey
    Respondent.             Judge Presiding.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
REPLY TO MOTION TO DISMISS AS TIME-BARRED**

FILED
APR 0 3 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA IL

    Now comes petitioner, James Delso, pro se, and pursuant to Rule 5 of the Rules Governing Section 2244(d) cases in the United States District Courts, asks that the above-captioned motion to reply to motion to dismiss as time-barred be granted.

In support thereof, he states:

1. Petitioner, James Delso, is in the custody of Donald Hulick, Warden of Illinois River C.C..

2. On Nov.14,1994, petitioner entered a plea of guilty to first degree murder and was sentenced to 33yrs. in prison. He did not file a direct appeal.

3. On Nov.7,1997, petitioner mailed a pro se petition for post conviction relief. (see exh.A) It was received by the Circuit Court on Nov.20,1997. The Circuit Court, on Dec.2,1997, dismissed the petition as untimely filed.(see exh.A)

4. On Dec.23,1997, petitioner appealed from this final judgment of the Circuit Court. (see exh.A)

5. On Sept.2,1999, the Appellate Court reversed the Circiut Court judgment because the date of mailing controls when determining whether a petiton is timely filed. The Appellate Court remanded

the cause with direction for the Circuit Court to determine whether the petition was frivolous or patently without merit. (see exh. A)

6. On Sept.13,1999, petitioner filed an amendment to his initial petition. (see exh. A)

7. On Oct.5,1999, the Circuit Court dismissed the petition as frivolous and patently without merit. (see exh. B) On Oct.21,1999, petitioner appealed from this final judgment. (see exh. C)

8. On Aug.1,2000, the petitioner filed in the Circuit Court a motion for leave to file a second petition for post conviction relief. (see exh. D)

9. On March 13,2001, the Illinois Appellate Court, at the request of the petitioner, dismissed the appeal from the Circuit Court's judgment dismissing the initial petition filed on Nov.7,1997.

10. On April 18,2001, the Circuit Court denied leave to file second post-conviction. (see exh. E) The petitioner appealed this order on May 2,2001. (see exh. F)

11. On Feb.16,2005, the Appellate Court affirmed the Circuit Court's holding. (see exh. G)

12. On March 23,2005, petitioner filed a petition for leave to appeal in the Illinois Supreme Court, but on May 25,2005, the Illinois Supreme Court denied leave to appeal. (see exh. H)

13. On Aug. 25,2005, petitioner filed the instant petition for habeas corpus relief under 28 U.S.C.2254. Petitioner raises 11 issues for this Court's review, including (1)ineffective assistance of counsel when counsel (a)failed to investigate or interview several witnesses who would have testified that the defendant did not commit the crime, but that the state's witness did; (b)failed to properly impeach state's witnesses regarding prior inconsistent statements; (c)coerce him into pleading guilty where the evidence would have shown that he did not commit the crime; (d)failed to comply with Supreme Court Rule 604(d); (e)refused to withdraw the guilty plea and argue meritious issues that prove innocence; (f)failed to investigate or interview Latasna Talley about people who went by the name Whammy or Waynie (2) denial of due process when the state's attorney failed to

disclose exculpatory evidence to the court; (3)denial of due process when the trial court failed to comply with Supreme Court Rule 402; (4)denial of due process when the judge considered another crime that petitioner was not convicted of as evidence at the attempt murder sentencing hearing when the comments of the judge was prejudicial; (5)denial of due process when the trial jydge denied him a fair hearing on motion for change of venue; (6)denial of due process when the court allowed testimony of certain witnesses who were under the influence of drugs at the time of the crime.

14. Petitioner contends that before he could pursue habeas corpus review he must first exhaust state remedies to the State's highest court. O'Sullivan v. Boerckel,supra,526 U.S. at 845, the court held that the exhaustion doctrine requires that "state prisoner"give the state courts one full opportunity to resolve any constitutional issues. This is exactly what petitioner has done here. Petitioner is not an attorney, nor skilled in legal matters, so filing a post-conviction was his only option, which provide that "a defendant file within three years from the date of which the defendant was convicted", and this petitioner has done in a timely manner; petitioner could not have exhausted his state court remedies unless he proceeded with a post-conviction. His trial counsel did not pursue a motion to withdraw guilty plea, which requires one to be filed within 30dys Ill. S.Ct. Rule 605(b). So, petitioner was left to proceed with his own appeal issues himself.

Petitioner contends that the 2254 statute of limitation is set forth in 28 U.S.C. 2244(d), which reads, in part:

A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of <u>direct review</u> or <u>the expiration of the time for seeking such review</u>.... The one-year period may be tolled by operation of 2244(d) which provides: "The time during which a properly filed application for <u>State post-convictio</u> or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. see Maine, 300 F.Supp.2d 189, supra .

    Here, on Nov.7,1997, petitioner filed a timely post-conviction petition. On Dec.2,1997, the court dimissed the petition, and on Dec.23,1997, petitioner filed a timely Notice of Appeal from this judgment, which was twenty-one days after. On Sept.2,1999,, the Illinois Appellate Court reversed the judgment, and on Sept. 13,1999, petitioner filed an amendment to his initial petition. On Oct.5,1999, the circuit court dimissed the petition and on Oct.21,1999, petitioner filed a timely Notice of Appeal from this judgment, which was sixteen days after. On Aug.1,2000, petitioner filed a second post-conviction, while said initial petition is pending in the Appellate Court. On March 13,2001, the Appellate Court, at the request of the petitioner, dimissed the appeal in the initial petition filed on Nov.7,1997. On April 18,2001, the circuit court denied the second post-conviction and on May 2,2001 , forteen days after the denial petitioner filed a timely Notice of Appeal. On Feb.16,2005, the Appellate Court affirmed the circuit court's holding and on March 23,2005,thirty-two days after this court affirmed petitioner filed for leave to appeal to the Illinois Supreme Court, but on May 25,2005, the Illinois Supreme Court denied leave to appeal, the petitioner sentence became final and the one-year period began to run. Mr. Delso tolled the period on these said dates when pursuing a state post-conviction remedy, according to 28 U.S.C. 2244(d) "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."Id.

    There, petitioner 2254 petition, filed on Aug.25,2005, came well within the one-year and is timely. However, the respondent in his motion to dismiss states that petitioner had until April 24,1997, to file his federal habeas corpus petition, but instead of doing so, petitioner waited until Nov.7,1997. Petitioner

contends that a properly filed post-conviction can be filed within three years, and this petitioner has clearly complied with the statute. Contrarily, the respondent motion argue "that on March 13,2001, when the Appellate Court granted petitioner's motion to dismiss his initial appeal, there was no longer a pending action in the state court and the limitation period would have continued to run for another 1624 days, from March 13,2001 through Aug.25,2005", is incorrect. Before petitioner withdrew his initial petition that was filed on Nov.7,1997, and appealed on Oct.21,1999, petitioner filed a second post-conviction petition, which was filed on Aug.1,2000. So, even if petitioner withdrew his initial petition he still had a pending action in the Circuit Court, which wasn't denied until April 18,2001, by the Circuit Court.

    petitioner contends adimitly that it wasn't 1821 days as the respondent claims to have run out, but 83 days during the time of filing a state post-conviction and leave to appeal, which was petitioner' only option. It would be incogruous to hold that defendant forfeited the right to bring a habeas corpus claim because he excerised his right to pursue a post-conviction remedy. To so hold would place the onus on defendant for pursuing his right to a post-conviction.

    Wherefore, petitioner prays that this court grant his motion to reply.

S/S _/s/ [signature]_