E-FILED
Wednesday, 19 July, 2006 03:27:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

_____

| | |
|---|---|
| JAMES DELSO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-CV-2197 |
| ) | |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

### ORDER

On September 8, 2005, Petitioner, James Delso, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1). This court entered an Order (#3) on September 12, 2006, and ordered Respondent, Donald Hulick, to respond to the Petition within 60 days. When Respondent failed to file a response in the time allowed, this court entered an Order to Show Cause (#4). Respondent filed a written Response to Order to Show Cause (#6), and this court discharged the Order to Show Cause and allowed Respondent until April 10, 2006, to answer or otherwise plead to the Petition. On February 22, 2006, Petitioner filed a Motion for Default Judgment (#9), noting that Respondent had not responded to the Petition. Petitioner also filed an Declaration for Entry of Default (#10) and a Request for Hearing (#11) on the Motion for Default Judgment.

On March 20, 2006, Respondent filed a Motion to Dismiss (#12) and supporting exhibits. Because Respondent filed a response within the time this court allowed, Petitioner's Motion for Default Judgment (#9) and Request for Hearing (#11) are DENIED. On April 3, 2006, this court granted Petitioner's Motion to Reply to Motion to Dismiss (#15), and Petitioner filed his Reply (#16).

This court has carefully considered Respondent's Motion to Dismiss and Petitioner's Reply. Following this careful review, this court agrees with Respondent that the Petition filed in this case is untimely. Accordingly, Respondent's Motion to Dismiss (#12) is GRANTED and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) filed by Petitioner, James Delso, is dismissed as untimely.

## BACKGROUND

On November 14, 1994, Petitioner entered a plea of guilty to first degree murder. He was sentenced to a term of 33 years in prison. Petitioner took no action regarding his conviction until November 7, 1997, when he mailed a post-conviction petition to the circuit court of Macon County. The post-conviction petition was not received by the circuit court until November 20, 1997, and the court dismissed it as untimely. Petitioner appealed the circuit court's decision, and the Illinois Appellate Court, Fourth District, reversed on September 2, 1999. People v. Delso, Case No. 4-97-1163 (unpublished order). On remand to the circuit court, Petitioner filed an amendment to his original post-conviction petition. In October 1999, the circuit court found the allegations in both the original and amended petitions to be frivolous and patently without merit. Petitioner appealed, but later, on March 13, 2001, the appellate court granted Petitioner's motion to dismiss and dismissed the appeal.

In the meantime, on July 25, 2000, Petitioner filed a motion for leave to file a second petition for post-conviction relief in the circuit court. On April 18, 2001, the circuit court denied leave to file the second post-conviction petition. The circuit court noted that the Post-Conviction Hearing Act provides that any claim not raised in the original or an amended petition is waived and that, under Illinois law, "a ruling on an initial post-conviction petition has res judicata effect with respect

2

to all claims that were raised or could have been raised in the initial petition." The circuit court found that Petitioner "failed to demonstrate either good cause or prejudice so as to warrant this Court's consideration of his second post-conviction petition." Petitioner filed an appeal from this ruling.

On February 16, 2005, the Appellate Court, Fourth District, affirmed. People v. Delso, Case No. 4-01-0957 (unpublished order)[1]. The appellate court stated that the Illinois Post-Conviction Act "contemplates just one petition." Delso, Case No. 4-01-0957, at p.4. The appellate court then stated that arguments not raised in the first petition are waived and arguments that were raised or could have been raised in the first petition are barred by res judicata. Delso, Case No. 4-01-0957, at p.4. The appellate court noted that a repeat petitioner can avoid the effects of waiver and res judicata if he can establish "good cause for failing to raise his claims in prior proceedings and actual prejudice resulting from the claimed errors." Delso, Case No. 4-01-0957, at p.4, quoting People v. Jones, 732 N.E.2d 573, 575 (Ill. 2000). The appellate court concluded that Defendant had not shown good cause. Delso, Case No. 4-01-0957, at pp.4-5. The appellate court also rejected Petitioner's argument that the trial court erred by not addressing his claim of actual innocence. Delso, Case No. 4-01-0957, at pp. 6-7. The court stated, "[h]aving failed to point to any newly discovered evidence, [Petitioner] has not stated a claim of actual innocence." Delso, Case No. 4-01-0957, at p.7.

On March 23, 2005, Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. The Supreme Court denied the petition on May 25, 2005. As noted previously, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State

---

[1] No explanation is provided for the fact that the appeal was pending for almost four years.

Custody (#1) in this court on September 8, 2005. Petitioner raises 11 issues for review. On March 20, 2006, Respondent filed a Motion to Dismiss (#12), and Petitioner filed his Reply (#16) on April 3, 2006.

ANALYSIS

In his Motion to Dismiss (#12), Respondent argues that Petitioner's Petition must be dismissed as untimely. This court agrees.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-32, 100 Stat. 1214, applies to this case. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1); see also Fernandez v. Sternes, 227 F.3d 977, 978 (7th Cir. 2000). Section 2244(d)(1) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Here, because Petitioner did not file a direct appeal from his conviction, Petitioner's conviction became final on December 14, 1994, 30 days after he was sentenced. However, for persons convicted before the effective date of the AEDPA, the effective date, April 24, 1996, is treated as the beginning of the one-year period for seeking federal collateral review under § 2254. See Fernandez, 227 F.3d at 978. Therefore, in this case, the one-year period of limitations for Petitioner to file a timely § 2254 petition ended on April 24, 1997. Accordingly, the petition he submitted on September 8, 2005, is not timely.

In his Reply (#16), Petitioner argues that he was required to exhaust his state court remedies prior to filing his Petition for habeas corpus relief in this court. Therefore, according to Petitioner,

---

[2] The other possible dates listed in the statute do not apply in this case.

the one-year period of limitations did not begin to run until after the Illinois Supreme Court denied his petition for leave to appeal on May 25, 2005, so that his Petition, mailed on August 25, 2005, was well within the one-year limitations period.

This case certainly presents this court with an unusual situation. The one-year limitations period for filing a habeas petition under 28 U.S.C. § 2254 clearly ran before Petitioner began his state court post-conviction proceedings. However, this court agrees with Respondent that the petition must be found to be untimely.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 5 (2000); Brooks v. Walls, 301 F.3d 839 (7th Cir. 2002).[3] In this case, Petitioner did not have an application for post-conviction or other collateral review "pending" during his one-year grace period following the effective date of the AEDPA. Therefore, nothing was "pending" and none of this time was excluded by 28 U.S.C. § 2244(d)(2) from the one-year period for commencing a federal collateral attack. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005); Fernandez, 227 F.3d at 978. More than one year of countable time passed before Petitioner filed his post-conviction petition, so the petition filed in this case was too late and must

---

[3] This court notes that Respondent has claimed that Petitioner's second post-conviction petition cannot be considered "properly filed" and would not toll the limitations period during the time it was pending. This court does not need to decide this issue but is uncertain that would be the case. In Artuz, the United States Supreme Court held that a post-conviction petition was "properly filed" for purposes of 28 U.S.C. § 2244(d)(2) even though the claims it contained were subject to two procedural bars: a bar against raising an issue that had been "previously determined" and a bar against raising a claim that was available on direct appeal but was not raised. Artuz, 531 U.S. at 7.

be dismissed.  See Martin v. Kingston, 2006 WL 1519012, at *2 (E.D. Wis. 2006) ("The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief.").

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion for Default Judgment (#9) and Request for Hearing (#11) are DENIED.

(2) Respondent's Motion to Dismiss (#12) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed as untimely.

(3) This case is terminated.

ENTERED this   19th   day of July, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE