UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX. REL. JAMES DELSO,<br><br>        Petitioner.<br><br>v.<br><br>DONALD A. HULICK, Warden of the ILLINOIS RIVER CORRECTIONAL CTR.<br><br>        Respondents. | CASE NO.# 05-CV-2197<br><br>Honorable: Michael P. McCuskey<br><br>Presiding Judge. |

FILED
AUG 17 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

MOTION FOR ISSUANCE OF A
CERTIFICATE OF APPEALABILITY

   Now comes the petitioner James Delso, pro se, and pursuant to Fed. R. App. P.22(b) and 28 U.S.C. 2253(C)(1)(West 2006) and respectfully move this Honorable Court to issue a certificate of appealability for an appeal to the United States Court of Appeals for the Seventh Judicial Circuit in the above captioned cause in support thereof the petitioner states as follows:

1. The petitioner made an application to this court for a writ of habeas corpus, challenging the validity of his detention by the State of Illinois, as authorized by the Circuit Court of Macon County.

2. This Court on July 19,2006 denied the petitioner application for writ of habeas corpus relief.

3. The petitioner has herewith filed, on the date indicated below, a Notice of Appeal from the order denying the Issuance of a writ of habeas corpus.

4. The petitioner cannot appeal this court's denial without the Issuance of a Certificate of Appealability pursuant to 28 U.S.C. 2253(c)(1)(West 2006) and Rule 22(b) Fed. R. App. P..

   5. the petitioner intends to raise on appeal the following points ich the petitioner believes are meritorious and compelling

reasons to issue the certificate of appealability.

6. The District Court erred in finding that the petitioner's petition was time barred, where petitioner filed a properly filed postconviction in the Circuit Court according to <u>Freeman v. Page</u>, 208 F.3d 572 (7th Cir. 2000) were the words "properly filed" in 28 U.S.C. 2244(d)(2) take their meaning from state practice:

Whether a collateral attack is "properly filed" can be determined in a straight forward way by looking at how the state courts treated it. If they considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as timeliness, then it was not properly filed.

Here, the Illinois Supreme Court considered Delso's claims on the merits; hence, it was properly filed for purposes of 2244(d)(2). On Nov. 14,1994 petitioner entered a plea of guilty to first degree murder. He did not file a direct appeal, but exhausted his claims in a timely postconviction petition on Nov.7,1997, which the State Law requires prisoners to have 3years to file a postconviction if a direct appeal is not file. On Dec.2,1997 the circuit court dismissed the postconviction as untimely filed and on Dec. 23,1997 petitioner appealed this judgment and on Sept 2,1999 the Appellate Court reversed the Circuit Court judgment stating "the date of mailing controls when determining whether a petition is timely filed". The Appellate Court remanded the cause with direction to the circuit court. On Sept. 13,1999 petitioner filed an Amendment to his initial postconviction in the circuit court. On Oct. 5,1999 the circuit court dismissed the petition as frivolous and patently without merit. On Oct. 21,1999 eptitioner filed a Notice of appeal from this final judgment. While petitioner initial post conviction is pending on Appeal in the Appellate Court, petitioner filed in the circuit court a motion for leave to file a second petition for post conviction relief. March 13,2001 the Illinois Appellate Court at the request of the petitioner dismissed the pending appeal from the circuit court's judgment dismissing the (first) initial post conviction petition filed on Nov.7,1997. On April 18,2001 the Circuit Court denied leave to file second postconviction stating that "petitioner failed to demonstrate cause or prejudice". On May 2,2001 petitioner filed a timely Notice Appeal. Four years later on Feb. 16,2005 the Appellate Court affirmed the circuit court holding.

On March 23,2005 petitioner filed a petition for leave to appeal in the Illinois Supreme Court, but on May 25,2005 the Illinois Supreme Court denied leave to appeal. This in turn means that the one-year statute of limitations found in 2244(d)(1) was tolled from March 23,2005 to May 25,2005 the date that the Illinois Supreme Court denied petitioner's petition for leave to appeal. As of March 23,2005, Delso was still engaged in the process of pursuing his state court remedies through post conviction relief as he is required to do under O'Sullivan v. Boerckel, 526 U.S. 838,119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Also,simiarly in Jefferson v. Welborn, 222 F.3d 286. The Illinois Supreme Court decided to accept Delso's March 23,2005 petition for normal consideration, and it later issued an order denying review. The Illinois Appellate Court had not relied on procedural default from any action of Delso's. The Supreme Court order of May 25,-2005 indicates that it was enough to make his appeal in his state proceeding one that was properly filed for purposes of computing his time for filing a petition for collateral relief in federal court.

Other points petitioner believes are meritorious and compelling are: denial of due process when trial judge considered another crime that petitioner was not yet convicted of as evidence during a sentencing hearing of another case when the judge comments was prejudicial; denial of due process when trial court denied petitioner a fair hearing on motions for changed of venue; denial of due process when trial court failed to comply with Supreme Court Rules; denial of due process when the court allowed testimony of witnesses who were under the influence of cocaine; ineffective assistance of counsel when counsel failed to investigate or interview witnesses who would have testified that the state witness committed the crime.

7. Further where the petitioner is actually innocent of the crime in question and he should be allowed to pass through the Schlup gateway in order to prevent a miscarriage of justice. House v. Bell, 126 S.Ct. 2064 (2006).

8. To merit the Issuance of a certificate of appealability, the petitioner must make a substantial showing of the denial of a Federal right. Barepoot v. Estelle,463 U.S. 880 (1983); Stuart v. Bagnon,837 F.2d. 289; Porter v. Framley,112 F.3d 1308

9. Specifically the petitioner must establish that (1)the issues presented in his petition are debateable among jurist of reason; (2)a court could resolve the issues differently; or (3)the questions are adequate to deserve further proceedings. Stuart,837 F.32d at 290; Porter,112 F.3d. at 1312.

10. It cannot be denied that where the evidence raised in this case points to the state witness as being the one who committed this crime. This issue is deserving of further review. This court is charged with the duty to enforce the federal constitution and thereby prevent justice frommiscarriage.

Wherefore, for the foregoing reasons as set forth herein the petitioner respectfully prays that this court would grant the issuance of certificate of appealability so that the court of appeals can review the findings in this case.

s/s /signature/

Subscribed and sworn to before me this 15th day of August 2006.

/signature/
NOTARY PUBLIC

"OFFICIAL SEAL"
Don A. Burkhart
Notary Public, State of Illinois
My Commission Exp. 08/22/2008