UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| JAMES DELSO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 05-CV-2197 |
| ) | |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

On July 19, 2006, this court entered an Opinion (#18) and granted the Motion to Dismiss filed by Respondent, Donald Hulick. This court concluded that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) filed by Petitioner, James Delso, was untimely. Accordingly, this court dismissed the Petition and terminated the case.

On August 17, 2006, Petitioner filed a Notice of Appeal (#20), an Application to Proceed in Forma Pauperis (#21), a Docketing Statement (#22), a Motion for Issuance of a Certificate of Appealability (#23) and a Motion for Appointment of Counsel (#24).

APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner is asking this court to allow him to appeal without paying the fee for filing an appeal. However, Petitioner states that he receives wages of $70 to $150 per month. Petitioner also failed to provide this court the required trust fund ledger for the past six months. Petitioner is allowed thirty (30) days to file his trust fund ledger from Illinois River Correctional Center. After the trust fund ledger is received, this court can make its ruling on his Application to Proceed in Forma Pauperis.

CERTIFICATE OF APPEALABILITY

In his Motion for Issuance of a Certificate of Appealability, Petitioner argues that he had properly filed collateral attacks pending in state court, so this court erred when it determined that his Petition under § 2254 was untimely.

A petitioner must obtain a certificate of appealability (COA) in order to appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court set forth the methodology to be used in evaluating a request for a COA. Irorere v. United States, 2002 WL 31688817, at *1 (N.D. Ill. 2002). Where, as here, a district court has rejected a petitioner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, this court noted in its ruling that the case presented an unusual situation. Here, Petitioner filed timely and arguably "properly filed" applications for State post-conviction relief. See 28 U.S.C. § 2244(d)(2). However, this court concluded that Petitioner's habeas petition was nonetheless untimely because the time for filing the petition had already run before the applications for State post-conviction relief were filed. This court concludes that jurists of reason would find it debatable whether this court was correct in its procedural ruling that Petitioner's Motion was untimely. This court further finds that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner's Motion for

Issuance of a Certificate of Appealability (#23) is GRANTED.

## APPOINTMENT OF COUNSEL

Petitioner has also requested the appointment of counsel in this case. This court concludes, however, that Petitioner has very adequately presented the issues to be determined on appeal in this case. Therefore, this court concludes that counsel is not necessary. Petitioner's Motion for Appointment of Counsel (#24) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) This court reserves ruling on Petitioner's Application to Proceed in Forma Pauperis (#21). Petitioner is allowed thirty (30) days to file his trust fund ledger from the Illinois River Correctional Center. After the trust fund ledger is received, this court can make its ruling on Petitioner's Application to Proceed in Forma Pauperis.

(2) Petitioner's Motion for Issuance of a Certificate of Appealability (#23) is GRANTED.

(3) Petitioner's Motion for Appointment of Counsel (#24) is DENIED.

ENTERED this 23rd day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE