IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES DELSO, ) ) ) | |
| Petitioner, ) ) | No. 05 C 2197 |
| vs. ) ) | The Honorable |
| DONALD HULICK, Warden, ) ) | Michael P. McCuskey, Judge Presiding. |
| Respondent. ) | |

**MOTION TO AMEND**

Pursuant to Fed.R.Civ.P. 59(e), respondent, Donald Hulick, through his attorney, LISA MADIGAN, Attorney General of Illinois, hereby submits his Motion to amend this Court's August 23, 2006 Order, granting a Certificate of Appealability to petitioner. A memorandum of law in support of respondent's motion is attached hereto.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

BY      s/Russell K. Benton_____
RUSSELL K. BENTON
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-2113
FAX (312) 814-5166
E-Mail: Rbenton@atg.state.il.us
Att.Reg.No: 6203142

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>JAMES DELSO,<br><br>    Petitioner,<br><br>vs.<br><br>DONALD HULICK, Warden,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)  No. 05 C 2197<br>)<br>)  The Honorable<br>)  Michael P. McCuskey,<br>)  Judge Presiding.<br>) |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO AMEND**

Pursuant to Fed.R.Civ.P. 59(e), respondent, Donald Hulick, through his attorney, LISA MADIGAN, Attorney General of Illinois, hereby asks that this Court to amend its August 23, 2006 Order, granting a Certificate of Appealability (CA) to petitioner from its July 19, 2006 dismissal of his petition for writ of habeas corpus as time-barred. In support thereof, respondent states as follows

    1.    On July 19, 2006, this Court granted respondent's motion to dismiss petitioner's petition for writ of habeas corpus as time-barred without reaching any of the eleven claims petitioner asserted. *See* Doc. 18 (July 19, 2006 order of District Court in *Delso v. Hulick*, No. 05-C-2197).

    2.    On August 17, 2006, petitioner filed a request for a CA arguing that his habeas petition was timely. Petitioner also stated:

> Other points petitioner believes are meritorious and
> compelling are: denial of due process when trial judge

> considered another crime that petitioner was not convicted of as evidence during a sentencing hearing of another case when the judge comments was prejudicial; denial of due process when trial court denied petitioner a fair hearing on motions for changed [sic] of venue; denial of due process when trial court failed to comply with Supreme Court Rules; denial of due process when the court allowed testimony of witnesses who were under the influence of cocaine; ineffective assistance of counsel when counsel failed to investigate or interview witnesses who would have testified that the state witness committed the crime.

*See* Doc. 23 (Motion for issuance of a Certificate of Appealability. Petitioner also claimed actual innocence. (*Id*).

    3.    On August 23, 2006, this Court, granted petitioner's motion and made the following ruling regarding the issues certified for appeal:

> This court concluded that jurists of reason would find it debatable whether this court was correct in its procedural ruling that Petitioner's Motion was untimely. This court further finds that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner's Motion for an issuance of a Certificate of Appealability is GRANTED.

*See* Doc. 26 (Order of August 23, 2006 in *Delso v. Hulick*, No. 05-C-2197). In granting petitioner's CA request, this Court did not specify which claim or claims met the constitutional standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 83-84. (2000)

    4.    This Court's order should be clarified before this case reaches the Court of Appeals. The conditions governing certification are set forth in 28 U.S.C. § 2253(c)(2-3). While a certificate may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right," § 2253(c)(2), [t]*he certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).*" § 2253(c)(3) (emphasis added). The certification order here does not meet this standard because it fails to specify, in accordance with § 2253(c)(3), the constitutional issue or issue which has been certificated under § 2253(c)(2). *See Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003).

     5.    The CA request listed a series of possible claims, some of which arguably do not raise federal constitutional claims. (*See* Doc. 23 at 4 ("denial of due process when trial judge considered another crime that petitioner was not convicted of as evidence during a sentencing hearing of another case when the judge comments was prejudicial; denial of due process when the court allowed testimony of witnesses who were under the influence of cocaine; denial of due process when trial court failed to comply with Supreme Court Rules; denial of due process when trial court denied petitioner a fair hearing on motions for changed [sic] of venue"). If this Court sought to grant a CA on any of these claims, it must so specify.

     6.    The purpose of requiring a district court to specify the claim it is granting a CA to is to make certainthat only substantial federal issues are presented on appeal. *See Davis* at 1029 (". . . it is vital for district judges to comply with § 2253(c)(3). Otherwise the appellate briefs may not focus on the substantial federal issues that justify the appeal. . ."); *See also Beyer v. Litscher*, 306 F.3d 504,

3

506 (7thCir. 2002) ("Both the statute § 2253(c)(3) and *Slack*, 529 U.S. 483-485 say that substantial constitutional issues must be identified by judges in certificates of appealability"). Without a clarification of what constitutional issues this Court finds substantial, the CA granted on August 23, 2006, fails to meet the criteria outlined in *Davis* and *Beyer*.

    7.    In its present form, this Court's certification order contravenes both 2253(c)(3) and *Slack* and should be amended.

## CONCLUSION

This Court should amend its order granting petitioner a certificate of appealability to comply with the dictates of 28 U.S.C. § 2253(c) and *Slack v. McDaniel*.

    Respectfully submitted,

    Lisa Madigan
    Attorney General of Illinois

BY: _____
    Russell K. Benton
    Assistant Attorney General
    100 West Randolph Street
    12th Floor
    Chicago, Illinois 60601
    (312) 814-2113

2:05-cv-02197-MPM-DGB   # 27   Page 7 of 7